E-FILED
Thursday, 31 May, 2018 02:52:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
#### URBANA DIVISION

| | | |
|---|---|---|
| JACQUELINE JONES, INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, DECEDENT, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 16-2364 |
| vs. | ) ) | |
| SERGEANT ARNOLD MATHEWS; OFFICER JESSICA BURGENER; OFFICER CLAYTON GOODWIN; OFFICER HOWARD WILSON; CECILE KEMP, LPN; BETH NOVAK, RN; and CORRECT CARE SOLUTIONS, LLC; CHAMPAIGN COUNTY, ILLINOIS | ) ) ) ) ) ) ) ) | |
| | ) | **Plaintiff Respectfully Demands Trial by Jury** |
| Defendants. | ) | |

### 3RD AMENDED COMPLAINT

NOW COMES the Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of

Toya D. Frazier, Decedent, and brings forth this Complaint against the Defendants Sergeant

Arnold Mathews; Officer Jessica Burgener; Officer Clayton Goodwin; Officer Howard Wilson,

Cecile Kemp, LPN; Beth Novak, RN; Correct Care Solutions, LLC; and Champaign County,

Illinois; and in support of, states the following:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the Eighth Amendment to the United States

Constitution; The Civil Rights Act of 1964 – 42 U.S.C. §1983 and §1988;  The Americans with

Disabilities Act - 42 U.S.C. §12101 et seq.;  The Illinois Constitution, Article I §2 and §12; and

Exhibit 1

Illinois State Law- 740 ILCS §180/0.01 et seq.; 735 ILCS §5/2-1704; 740 ILCS §23/5; and 755 ILCS §5/27-6.

2.     The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and also supplemental jurisdiction of state claims pursuant to 28 U.S.C. §1367.

3.     This judicial district is the appropriate venue under 28 U.S.C. §1391(b) and (e)(1) because the events giving rise to the suit occurred in this judicial district.

## PARTIES

4.     Decedent, Toya Frazier, was at all times relevant a resident of the State of Illinois and the City of Urbana.

5.     Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, brings this suit and was at all times relevant a resident of the State of Illinois and the City of Savoy.

6.     Dan Walsh was at all times relevant the Sheriff of Champaign County, Illinois, acting under color of state law.  He was at all times relevant an elected official in charge of the Downtown Adult Detention and the Satellite Adult Detention (hereinafter "Champaign County Jails"). The Champaign County Jails are a part of the Sheriff's department, which is a local unit of government formed to incarcerate violators of the law.

7.     Clayton Goodwin, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

8.      Jessica Burgener, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

9.      Howard Wilson, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

10.     Defendant Sergeant Arnold Mathews, a jail supervisor who was at all times relevant employed by Champaign County and responsible for employees of Champaign County Jail.  He is sued in his individual capacity at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

11.     Champaign County, Illinois is the public entity responsible for Champaign County and both Champaign County Jails and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20. (7th Cir. 2003)

12.     Defendant Cecile Kemp, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates, acting under color of state law, and is sued in her individual capacity.

13.     Defendant Beth Novak, RN was at all times relevant a registered nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in her individual capacity.

14.     Defendant Correct Care Solutions, LLC, was at all times relevant a Limited Liability Company based out of Nashville, Tennessee, and authorized to do business in the State of Illinois, contracted by Champaign County.

**FACTS**

15.     The Decedent, Toya D. Frazier was convicted of Felony Theft and turned herself in at the Champaign County Courthouse to serve her sentence on November 30, 2015 at approximately 8:45 am.

16.     At the Courthouse Officer Steve Barkley completed a mental health and medical questionnaire for Toya Frazier and transported Plaintiff to the Champaign County Satellite Jail.

17.     Officer Steve Barkley did not perform a 'pat down' or inspect her retractable cane at any point.

18.     According to Ms. Frazier's Booking Card, Ms. Frazier was booked at the Champaign County Satellite Jail at approximately 9:50 am on November 30, 2015 at which point Officer Howard Wilson took Ms. Frazier's booking photo and fingerprints and escorted her to F2.

19.     As he stated in his interview with the Illinois State Police, Officer Wilson did not inspect Ms. Frazier's retractable cane and did not know if Ms. Frazier had been searched at the jail or the courthouse.

20.     Officer Spense was also in booking on November 30, 2015 when Ms. Frazier was brought in.

4

21.     Officer Spense stated in his interview with the Illinois State Police that Ms. Frazier should have been searched at the courthouse and the jail doesn't usually search people that come straight from the courthouse.

22.     Ms. Frazier was first searched at approximately, 6:45 p.m. on November 30, 2015 by Officer Burgener without assistance from other correctional staff; almost nine hours after Ms. Frazier was booked at the Champaign County Satellite Jail.

23.     Officer Burgener stated she inspected Ms. Frazier's person and property and did not discover any contraband.

24.     Ms. Frazier was at all times referenced herein allowed to keep her knee brace and retractable cane.

25.      Upon her arrival Ms. Frazier notified the Correctional Officers of her medical issues and was put on the Medical Watch List.  However Nurse Novak negligently failed to properly assess her.

26.     Ms. Frazier, at all times relevant had the following medical conditions: hypertension, morbid obesity, insomnia, gastroesophageal reflux disease, joint pain of lower extremities and a long-standing polysubstance abuse history.

27.     Ms. Frazier was initially placed in cell F2, with a mandate that a correctional officer check in on her every 13 minutes.

28.     At or about 7:00 pm on November 30, 2015, Ms. Frazier was placed in cell H4 with another female inmate.

29.     At or about 2:00 am on December 1, 2015, Ms. Frazier cried out in pain, screaming and crying in her cell because of intense abdominal pain.

30.     At or about the same time and date, Ms. Frazier was banging on the cell door pleading for help.

31.     At or about 2:30 am or 3:00 am, Ms. Frazier was moaning and groaning very loudly.

32.     At or about the same time and date, Defendant Mathews, acting with deliberate indifference, ordered Ms. Frazier to stop moaning and groaning, as it was waking the other inmates.

33.     At or about 2:50 am, after her pleas for help continued, Defendant Mathews ordered that Ms. Frazier be moved to cell H1 by herself.

34.     At or about 6:15 am, a male inmate heard Ms. Frazier's continual cries for help and heard her kicking the door of her cell.

35.     At or about 6:30 am, a correctional officer asked Ms. Frazier what was wrong with her stomach, to which Ms. Frazier responded "heroin."

36.     At or about the above time and date, Defendant Mathews sent an email to the medical staff at the jail including Nurse Novak, stating "Inmate Frazier's stomach hurts due to heroin withdrawal. Can you see her at your early (*sic*) convenience?"

37.     At or about 7:30 am, a correctional officer sought out and notified Defendant Kemp about Ms. Frazier's need for medical treatment.

6

38.     With deliberate indifference, Defendant Kemp waited until about 11:30 am to complete a COWS screening which indicated that Ms. Frazier necessitated treatment for heroin withdrawal.

39.     At or about the above time and date, Defendant Kemp notified a doctor that Ms. Frazier needed to begin the medical regimen which treats heroin withdrawals and was given permission to proceed.

40.     At or about 2:30 pm, Defendant Novak attended to Ms. Frazier and advised Ms. Frazier that she would receive her next treatment between 4:00 pm and 4:30 pm.

41.      At or about 3:23 pm, Ms. Frazier removed items from her toiletry bag and appeared to place 3 to 4 items in her mouth.

42.     From 3:32 pm to 3:50 pm, Ms. Frazier is seen sitting up, laying down and rocking, turning from one side to the other.

43.     At or about 3:50 pm, Ms. Frazier appeared to have a small seizure, where her head extends and rotates until Ms. Frazier's head is facing down and her right leg simultaneously slides out.

44.     After that movement at 3:50 pm Ms. Frazier never moves again.

45.     Officer Goodwin arrived at the Jail for briefing at 3:45 pm and did a 'head count' to make sure all the inmates are there at 4 pm.

46.     Officer Goodwin stated in his interview with the University of Illinois police that he was unaware of what Ms. Frazier's medical condition was or if there was any specific protocol for her.

7

47.     Officer Goodwin stated "medical check" was to make a visual check every thirteen minutes.

48.     At around 4:43, Officer Goodwin, is seen on the surveillance video leaving the tray without even glancing at Ms. Frazier.

49.     According to Officer Goodwin this interaction counted as one of the medical checks to be done every 13 minutes, yet with deliberate indifference he failed to look at the Ms. Frazier.

50.     Officer Goodwin's medical check is another 'head count' in that he is only making sure the inmates are physically present defeating the purpose of having at risk inmates in solitary medical cells.

51.     At or about 5:00 pm, Officer Burgener and a daytime trustee were collecting the evening meal trays and noticed that Ms. Frazier did not touch her meal.

52.     Officer Burgener noted that Ms. Frazier was unresponsive and requested assistance.

53.     Other officers arrived and began CPR and requested emergency medical assistance.

54.     At or about 5:17 pm, Arrow Ambulance personnel arrived and found Ms. Frazier unresponsive, and transported her to Carle Hospital.

55.     Officer Burgener noted at some point that Ms. Frazier had blue pills stuck to her chest and asked medical staff about the pills.  No blue pills had been prescribed to Ms. Frazier

and Officer Burgener had not uncovered any pills in her strip search of Ms. Frazier and her property.

56.     At 5:46 pm, Ms. Frazier was pronounced dead by the attending physician.

57.     At 10:00 pm, Champaign County Deputy Coroner Jeff Zumwalt notified Ms. Frazier's sister that Ms. Frazier had died.

## COUNT I: Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendant Sergeant Arnold Mathews

58.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

59.     Defendant Sergeant Arnold Mathews is the supervisory officials responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including substance withdrawal.

60.     By and through his agents, Defendant Mathews is responsible for conduct of the employees of Champaign County Jails and the well-being of its inmates.

61.     Because Ms. Frazier had no control over her confinement, Defendant Mathews, individually and through the employees he supervises had an absolute duty to care for and ensure Ms. Frazier's well-being and safety.

62.     After being made aware of Ms. Frazier's medical condition and emergency medical needs, Defendant Mathew exercised deliberate indifference to Ms. Frazier's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Ms. Frazier's increasingly desperate pleas for medical assistance.

9

63.     The failure to act on and respond to Ms. Frazier's serious medical needs and medical emergency proximately caused, in whole or in part, her conscious pain and suffering and her death, depriving Ms. Frazier of her rights under the Eighth Amendment and in violation of 42 U.S.C. §1983.

## COUNT II: Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendants Novak and Kemp

64.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

65.     Defendant Novak is the supervisory official responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including substance withdrawal.

66.     By and through her agents, Defendant Novak, is responsible for conduct of the employees of Correct Care Solutions, LLC, contracted by Champaign County, and the well-being of its inmates.

67.     Because Ms. Frazier had no control over her confinement, Defendant Novak and Defendant Kemp, contracted by Champaign County, had an absolute duty to care for and ensure Ms. Frazier's well-being and safety.

68.     After being made aware of Ms. Frazier's medical condition and emergency medical needs, the Defendant Novak and Defendant Kemp exercised deliberate indifference to Ms. Frazier's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Ms. Frazier's increasingly urgent pleas for medical assistance.

10

69.     The failure to act on and respond to Ms. Frazier's serious medical needs and medical emergency proximately caused, in whole or in part, her conscious pain and suffering and her death, depriving Ms. Frazier of her rights under the Eighth  Amendment and in violation of 42 U.S.C. §1983.

## COUNT III: Violation of Title II of the Americans with Disabilities Act pursuant to 42 U.S.C. §12101 et seq. vs. Defendant Champaign County

70.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

71.     Champaign County Jail is a local governmental entity which engages in offering and providing care and medical services to members of the public who are inmates therein, and which receives federal funding.

72.         Champaign County Jail is required to comply with the Americans with Disabilities Act.

73.         Ms. Frazier qualifies as a person with a disability due to her history of substance abuse, and required such care as is guaranteed all disabled persons by the Americans with Disabilities Act.

74.     The County was aware of her disability due to her drug history and prior incarcerations.

75.     Ms. Frazier was qualified to benefits due to her disability that she sought by making Champaign County aware of her drug addition.

11

76.    Ms. Frazier was denied treatment for her withdraw symptoms after asking for treatment.

77.    The Defendant supervises and oversees all employees and their activities at Champaign County Jail and is responsible for enforcing employee compliance with the Americans with Disabilities Act.

78.    The Defendant Champaign County is a public entity as defined by the ADA 42 USC § 12132.

79.    Ms. Frazier was denied medical treatment and treatment  for drug use because of her disability.  She cried out "heroin" and was denied any treatment until the following day.  She was denied treatment because she was a drug addict.

80.    Defendant Champaign County through willful and wanton conduct violated the Americans with Disabilities Act by failing to provide adequate medical attention and care for Ms. Frazier and accommodate her severe impairment.

## COUNT IV: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq.
## vs. Defendant Mathews

81.    The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

82.    The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

83.     The Defendant with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide adequate medical care to Ms. Frazier about whose medical conditions they had preexisting knowledge.

12

84. The Defendant with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide adequate medical attention and check on her every 13 minutes as is protocol in Champaign County Jail.

85. The Defendant, through his agents, did not check on Ms. Frazier in accordance with the standards set out by their medical watch procedures.

86. Additionally Defendant Mathews with utter indifference to and conscious disregard for the safety of others willfully and wantonly disregarded decedent's welfare when he told her that she was bothering other inmates when she begged for medical care.

87. The Defendant's failure and willful and wanton conduct resulted in Ms. Frazier's untimely and unnecessary death.

88. On information and belief, at all relevant times, it was the duty and responsibility of the Defendant to exercise reasonable care to provide for the medical needs of Ms. Frazier and all other inmates housed within Champaign County Jail.

89. As a direct and proximate result of one or more of the foregoing willful and wanton and negligent acts and/or omissions and the Defendant's breach of duty, Ms. Frazier suffered injuries that ultimately resulted in her untimely death.

90. The family of Ms. Frazier has unexpectedly lost forever a loved one. Ms. Frazier was a loving grandmother who doted on her seven grandchildren.

91. Ms. Frazier's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

92.     As a direct and proximate result of the breach of Defendant's duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their sister, mother, and grandmother.

93.     Defendant owed a duty to provide professional and responsible health services to Ms. Frazier. Notwithstanding this duty, after being made aware that Ms. Frazier required emergency medical care, Defendant, acting in accordance with the policies and procedures, willfully, wantonly, and/or negligently refused to take action to provide Ms. Frazier with medical care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

## COUNT V: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq.
## vs. Defendant Burgener

94.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

95.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

96.     On information and belief, at all relevant times, it was the duty and responsibility of the Defendant to exercise reasonable care in searching Ms. Frazier and the other inmates under her responsibility.

97.     The Defendant's failure and willful and wanton conduct resulted in Ms. Frazier's untimely and unnecessary death.

98.     Defendant Burgener with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to properly search Ms. Frazier in a timely manner upon her arrival at Champaign County Jail.

99.     Defendant Burgener owed a duty to professionally and responsibly search Ms. Frazier for the safety of Ms. Frazier, the Champaign County Satellite Jail staff and the other inmates.

100.     Throughout November 30, 2015 and December 1, 2015 while Ms. Frazier was experiencing withdrawal symptoms and begging for medical care she had access to a supply of Alieve PM, Advil PM and Trazodone to self-medicate her pain.

101.     As a direct and proximate result of the breach of Defendant Burgener's duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love and affection of their sister, mother and grandmother.

## COUNT VI: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq.

## vs. Defendant Goodwin

102.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

103.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

104.      Defendant Goodwin with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide adequate medical care to Ms. Frazier about whom he knew was being held in a medical cell for a medical reason.

105.     Defendant Goodwin with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to adequately learn why Ms. Frazier was being held

in a medical cell despite that information being made available to him in order to provide adequate medical care to Ms. Frazier and in order to make adequate medical checks on Ms. Frazier.

106.    Defendant Goodwin with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide an adequate "medical check" on her every 13 minutes as is protocol in Champaign County Jail in accordance with the standards set out by Champaign County Satellite Jail medical watch procedures.

107.    The willful and wanton conduct of Defendant Goodwin resulted in Ms. Frazier's untimely and unnecessary death.

108.    On information and belief, at all relevant times, it was the duty and responsibility of the Defendant to exercise reasonable care to provide for the medical needs of Ms. Frazier and all other inmates housed within Champaign County Jail.

109.    As a direct and proximate result of one or more of the foregoing willful and wanton behavior, negligent acts and/or omissions and the Defendant's breach of duty, Ms. Frazier suffered injuries that ultimately resulted in her untimely death.

110.    The family of Ms. Frazier has unexpectedly lost forever a loved one.  Ms. Frazier was a loving grandmother who doted on her seven grandchildren.

111.    Ms. Frazier's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

112.     As a direct and proximate result of the breach of Defendant's duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their sister, mother, and grandmother.

113.     Defendant Goodwin owed a duty to provide professional and responsible health services to Ms. Frazier. Notwithstanding this duty, after being made aware that Ms. Frazier required emergency medical care, Defendant, acting in accordance with their policies and procedures, willfully, wantonly, or negligently refused to take action to provide Ms. Frazier with medical care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

**COUNT V: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendant Wilson**

114.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

115.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

116.     On information and belief, at all relevant times, it was the duty and responsibility of the Defendant to exercise reasonable care in searching Ms. Frazier and the other inmates under his responsibility.

117.     The Defendant's failure and willful and wanton conduct resulted in Ms. Frazier's untimely and unnecessary death.

118.     Defendant Wilson with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to ascertain if Ms. Frazier had been searched at the Courthouse or upon her arrival at Champaign County Jail.

119.     Defendant Wilson with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to inspect the retractable cane in Ms. Frazier's possession.

120.     After Defendant Wilson booked Ms. Frazier, she was at the Champaign County Satellite Jail for almost nine hours before any search or inspection was performed.

121.     Defendant Wilson owed a duty to professionally and responsibly ascertain if Ms. Frazier had been searched and if she had not, arrange such a search for the safety of Ms. Frazier, the Champaign County Satellite Jail staff and the other inmates.

122.     Throughout November 30, 2015 and December 1, 2015 while Ms. Frazier was experiencing withdrawal symptoms and begging for medical care she had access to a supply of Alieve PM, Advil PM and Trazodone to self-medicate her pain.

123.     As a direct and proximate result of the breach of Defendant Wilson's duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love and affection of their sister, mother and grandmother.

## COUNT VII: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendants Novak, Kemp, and Correct Care Solutions, LLC

124.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

125.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

126.      The Defendants failed to provide adequate medical care to Ms. Frazier about whose medical conditions they had preexisting knowledge.

127.    The Defendants failed to provide adequate medical attention as is protocol in Champaign County Jail.

128.    The Defendants, through their agents, did not check on Ms. Frazier in accordance with the standards set out by their medical watch procedures.

129.    The Defendants' failure resulted in Ms. Frazier's untimely and unnecessary death.

130.     On information and belief, at all relevant times, it was the duty and responsibility of the Defendants to exercise reasonable care to provide for the medical needs of Ms. Frazier and all other inmates housed within Champaign County Jail.

131.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and the Defendants' breach of duty, Ms. Frazier suffered injuries that ultimately resulted in her untimely death.

132.    The family of Ms. Frazier has unexpectedly lost forever a loved one.  Ms. Frazier was a loving grandmother who doted on her seven grandchildren.

133.    Ms. Frazier's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

134.     As a direct and proximate result of the breach of Defendants' duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their sister, mother, and grandmother.

135.    Defendants owed a duty to provide professional and responsible health services to Ms. Frazier. Notwithstanding this duty, after being made aware that Ms. Frazier required emergency medical care, Defendants, acting in accordance with their policies and procedures,

willfully, wantonly, or negligently refused to take action to provide Ms. Frazier with medical care, thereby proximately caring, in whole or in part, her conscious pain and suffering and her death.

## COUNT VIII: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Novak

136.    The Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

137.    On or about November 30, 2015 and December 1, 2015, Defendant Novak was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

138.    On or about November 30, 2015 and December 1, 2015, Defendant Novak held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

139.    On or about November 30, 2015 and December 1, 2015, Defendant Novak was an employee or agent of Correct Care Solutions, LLC.

140.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

141.    On or about November 30, 2015 and December 1, 2015, Defendant Novak had medical privileges in Champaign County.

142.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

143.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

144.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

145.    On or about November 30, 2015, Defendant Novak provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

146.    On or about December 1, 2015, Defendant Novak failed to provide additional withdrawal medications to the decedent, Toya Frazier.

147.    On or about December 1, 2015, Defendant Novak failed to refer the decedent Toya Frazier to the Emergency Department with abdominal pain, which could have prevented her overdose and death.

148.    On or about November 30, 2015 and December 1, 2015 Defendant Novak owed a duty of care to the decedent, Toya Frazier to perform her duties within an acceptable standard of medical care within the medical community.

149.    Defendant Novak breached this standard of care in the manner described above, causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

150.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Novak, the decedent Toya Frazier was found unresponsive at 5:11 pm, after the Defendant Novak failed to provide the Plaintiff with her required treatment at 4:30 pm.

151.    By means of the negligence of the Defendant Novak and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Toya Frazier suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered death and other damages.

152.    All of the injuries and damages sustained by the decedent, Toya Frazier were the direct and proximate result of the negligent acts of the Defendant Novak without any act or omission on the part of the decedent.

153.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

**COUNT IX: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Kemp**

154.    Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

155.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

156.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

157.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp was an employee or agent of Correct Care Solutions, LLC.

158.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

159.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp had medical privileges in Champaign County.

160.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

161.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

162.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

163.    On or about November 30, 2015, Defendant Kemp provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

164.    On or about December 1, 2015, Defendant Kemp failed to provide additional withdrawal medications to the decedent, Toya Frazier.

165.    On or about December 1, 2015, Defendant Kemp failed to refer the decedent Toya Frazier to the Emergency Department with abdominal pain, which could have prevented her overdose and death.

166.    On or about November 30, 2015 and December 1, 2015 Defendant Kemp owed a duty of care to the decedent, Toya Frazier to perform her duties within an acceptable standard of medical care within the medical community.

167.    Defendant Kemp breached this standard of care in the manner described above, causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

168.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Kemp, the decedent Toya Frazier was found unresponsive at 5:11 pm, after the Defendant Kemp failed to provide the Plaintiff with her required treatment at 4:30 pm.

169.    By means of the negligence of the Defendant Kemp and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Toya Frazier suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered other damages and death.

24

170.     All of the injuries and damages sustained by the decedent, Toya Frazier were the direct and proximate result of the negligent acts of the Defendant Kemp without any act or omission on the part of the decedent.

171.     Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

## COUNT X: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Correct Care Solutions, LLC

172.     Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

173.     On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp had privileges at the Champaign County Jail.

174.     On or about November 30, 2015 and December 1, 2015, Defendant Correct Care Solutions, LLC employed Defendants Novak and Kemp and held them out as being duly competent and qualified to render medical care, attention and treatment to the inmates at the Champaign County Jail.

175.     On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp were acting as agents/employees of Defendant Correct Care Solutions, LLC and providing medical services to the decedent, Toya Frazier within the scope of that agency/employment.

176.     On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp were nurses licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

177.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

178.    On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

179.    On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

180.    On or about November 30, 2015 and December 1, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

181.    On or about November 30, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

182.    On or about December 1, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC failed to provide additional withdrawal medications to the decedent, Toya Frazier.

183.    On or about December 1, 2015, Defendants Novak and Kemp, acting as agents of Defendant Correct Care Solutions, LLC failed to refer the decedent Toya Frazier to the Emergency Department with abdominal pain, which could have prevented her overdose and death.

184.    On or about November 30, 2015 and December 1, 2015 Defendant Correct Care Solutions, LLC owed a duty of care to the decedent, Toya Frazier to provide directly and through its agents Defendants Novak and Kemp, an acceptable standard of medical care within the medical community and Defendant Correct Care Solutions, LLC breached this standard of care through the actions of its agents, Defendants Novak and Kemp and by failing to properly supervise its agents.

185.    Defendant  Correct Care Solutions, LLC breached this standard of care in the manners described above, causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

186.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Correct Care Solutions, LLC, the decedent Toya Frazier was found unresponsive at 5:11 pm, after the Defendants Novak and Kemp failed to provide the Plaintiff with her required treatment at 4:30 pm.

187.    By means of the negligence of the Defendant Correct Care Solutions, LLC and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Toya Frazier suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered other damages and death.

27

188.    All of the injuries and damages sustained by the decedent, Toya Frazier, were the direct and proximate result of the negligent acts of the Defendant Correct Care Solutions, LLC without any act or omission on the part of the decedent.

189.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment on as follows:

On all Counts:

    a.   Compensatory general and special damages in accordance with proof; and

    b.   Costs of suit necessarily incurred herein; and

    c.   Such further relief as the Court deems just or proper; and

On Count I, and Count II:

    d.   Reasonable Attorney's fees and expenses of litigation; and

    e.   Punitive damages against defendants (except the immune entity defendants) in an amount sufficient to punish those defendants and to deter further misconduct; and

    f.   Compensatory damages related to the heirs of Toya Frazier and their loss of society and companionship, loss of financial support;

On Count III:

    a.   Compensatory general and special damages in accordance with proof; and

    b.   Costs of suit necessarily incurred herein; and

    c.   Reasonable Attorney's fees and expenses of litigation; and

    d.   Such further relief as the Court deems just or proper; and

<u>On Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, and Count X:</u>

    e.  Statutory damages as allowed.

JACQUELINE JONES, INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, Decedent

By:    s/Shayla Maatuka

    Shayla Maatuka of Dodd & Maatuka

## **JURY DEMAND**

    Plaintiff hereby demands a trial by jury.

Date: 5/30/18            By:    s/Shayla Maatuka
                               Shayla Maatuka of Dodd & Maatuka

## **RULE 222 AFFIDAVIT**

    NOW COMES your Affiant, SHAYLA MAATUKA of DODD & MAATUKA, first being duly sworn on oath and states that the total damages sought in the above-referenced matter exceed $50,000.00.

Date: 05/30/2018         By:    s/Shayla Maatuka
                               Shayla Maatuka of Dodd & Maatuka

SUBSCRIBED and SWORN to before me

this 30th day of May, 2018.

s/Stacy McCulley     .
Notary Public

OFFICIAL SEAL
Stacy McCulley
Notary Public - State of Illinois
My Commission Expires 6/21/2020

Shayla Maatuka of
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone: 217.356.9500
Facsimile: 217.355.1358
shayla@madelaw.net

29

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that the undersigned believes the same to be true.

s/Jacqueline Jones

JACQUELINE JONES, INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, Decedent

Shayla Maatuka of
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net