E-FILED
Thursday, 14 June, 2018 01:38:48 PM
Clerk, U.S. District Court, ILCD

750-2074                                    RPV/SAL

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JACQUELINE JONES , INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, DECEDENT,<br><br>      Plaintiff,<br><br>      v.<br><br>SERGEANT ARNOLD MATHEWS; CECILE KEMP, LPN ; BETH NOVAK, RN ; and CORRECT CARE SOLUTIONS, LLC; CHAMPAIGN COUNTY, ILLINOIS<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Court No.: 16 cv 02364<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS CECILE KEMP, LPN, BETH NOVAK, RN AND CORRECT CARE SOLUTIONS, LLC's ANSWER TO THE PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants CECILE KEMP, LPN; BETH NOVAK, RN; and CORRECT CARE SOLUTIONS, LLC ("CCS") (collectively the "Medical Defendants") through their attorneys, ROBERT P. VOGT and VOGT & O'KANE submit the following as their Answer to the Plaintiff's Third Amended Complaint:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the Eighth Amendment to the United States Constitution; The Civil Rights Act of 1964 — 42 U.S.C. §1983 and §1988; The Americans with Disabilities Act - 42 U.S.C. §12101 et seq.; §504 of the Rehabilitation Act of 1973 - 29 U.S.C.

§794; The Illinois Constitution, Article I §2 and §12; and Illinois State Law- 740 ILCS §180/0.01 et seq.; 735 ILCS §5/2-1704; 740 ILCS §23/5; and 755 ILCS §5/27-6.

> **ANSWER:**   **The allegations of Paragraph 1 are statements of law to which no answer is required.**

2.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and also supplemental jurisdiction of state claims pursuant to 28 U.S.C. §1367.

> **ANSWER:**   **These medical defendants admit that this Court has jurisdiction over this matter.**

3.    This judicial district is the appropriate venue under 28 U.S.C. §1391(b) and (e)(1) because the events giving rise to the suit occurred in this judicial district.

> **ANSWER:**   **These medical defendants admit that venue in this Court is appropriate.**

## PARTIES

4.    Decedent, Toya Frazier, was at all times relevant a resident of the State of Illinois and the City of Urbana.

> **ANSWER:**   **These medical defendants lack sufficient knowledge or information to admit the allegations of Paragraph 4.**

5.    Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, brings this suit and was at all times relevant a resident of the State of Illinois and the City of Savoy.

> **ANSWER:**   **These medical defendants lack sufficient knowledge or information to admit the allegations in Paragraph 5.**

6.    Dan Walsh was at all times relevant the Sheriff of Champaign County, Illinois, acting under color of state law. He was at all times relevant an elected official in charge of the Downtown Adult Detention and the Satellite Adult Detention (hereinafter "Champaign County Jails"). The Champaign County Jails are a part of the Sheriff's department, which is a local unit of government formed to incarcerate violators of the law.

> **ANSWER:**    **These medical defendants are aware that Dan Walsh was the Sheriff of Champaign County Illinois, but lack sufficient knowledge or information to answer the remaining allegations of Paragraph 6.**

7.    Clayton Goodwin, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

> **ANSWER:**    **The allegations of Paragraph 7 are not directed at these medical defendants and, therefore, they make no answer thereto.**

8.    Jessica Burgener, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

> **ANSWER:**    **The allegations of Paragraph 8 are not directed at these medical defendants and, therefore, they make no answer thereto.**

9.    Howard Wilson, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

> **ANSWER:**    **The allegations of Paragraph 9 are not directed at these medical defendants and, therefore, they make no answer thereto.**

10.    Defendant Sergeant Arnold Mathews, a jail supervisor who was at all times

relevant employed by Champaign County and responsible for employees of Champaign County Jail. He is sued in his individual capacity at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

> **ANSWER:** **The allegations of Paragraph 10 are not directed at these medical defendants and, therefore, they make no answer thereto.**

11.     Champaign County, Illinois is the public entity responsible for Champaign County and both Champaign County Jails and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20. (7th Cir. 2003).

> **ANSWER:** **These medical defendants admit that Champaign County, Illinois is a county, but beyond that, these defendants lack sufficient knowledge or information to answer the remaining allegations of Paragraph 11.**

12.     Defendant Cecile Kemp, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates, acting under color of state law, and is sued in her individual capacity.

> **ANSWER:** **These medical defendants admit that Cecile Kemp is a Licensed Practical Nurse who was employed by Correct Care Solutions, LLC.**

13.     Defendant Beth Novak, RN was at all times relevant a registered nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in her individual capacity.

> **ANSWER:** **These medical defendants admit that Beth Novak is a Registered Nurse who was employed by Correct Care Solutions, LLC.**

14.     Defendant Correct Care Solutions, LLC, was at all times relevant a Limited

Liability Company based out of Nashville, Tennessee, and authorized to do business in the State

of Illinois, contracted by Champaign County.

>   **ANSWER:     These medical defendants admit that Correct Care Solutions, LLC is
>   a Limited Liability Company out of Nashville, Tennessee and is
>   authorized to do business in the State of Illinois.**

## FACTS

15.     The Decedent, Toya D. Frazier was convicted of Felony Theft and turned herself

in at the Champaign County Courthouse to serve her sentence on November 30, 2015 at

approximately 8:45 am.

>   **ANSWER:     These medical defendants lack sufficient knowledge or information to
>   answer the allegations of Paragraph 15.**

16.     At the Courthouse Officer Steve Barkley completed a mental health and

medical questionnaire for Toya Frazier and transported Plaintiff to the Champaign County

Satellite Jail.

>   **ANSWER:     These medical defendants lack sufficient knowledge or information to
>   answer the allegations of Paragraph 16.**

17.     Officer Steve Barkley did not perform a 'pat down' or inspect her retractable cane

at any point.

>   **ANSWER:     These medical defendants lack sufficient knowledge or information to
>   answer the allegations of Paragraph 17.**

18.    According to Ms. Frazier's Booking Card, Ms. Frazier was booked at the Champaign County Satellite Jail at approximately 9:50 am on November 30, 2015 at which point Officer Howard Wilson took Ms. Frazier's booking photo and fingerprints and escorted her to F2.

> **ANSWER:**    **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 18.**

19.    As he stated in his interview with the Illinois State Police, Officer Wilson did not inspect Ms. Frazier's retractable cane and did not know if Ms. Frazier had been searched at the jail or the courthouse.

> **ANSWER:**    **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 19.**

20.    Officer Spense was also in booking on November 30, 2015 when Ms. Frazier was brought in.

> **ANSWER:**    **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 20.**

21.    Officer Spense stated in his interview with the Illinois State Police that Ms. Frazier should have been searched at the courthouse and the jail doesn't usually search people that come straight from the courthouse.

> **ANSWER:**    **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 21.**

22.    Ms. Frazier was first searched at approximately, 6:45 p.m. on November 30, 2015 by Officer Burgener without assistance from other correctional staff; almost nine hours after Ms. Frazier was booked at the Champaign County Satellite Jail.

**ANSWER:**   **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 22.**

23.    Officer Burgener stated she inspected Ms. Frazier's person and property and did not discover any contraband.

**ANSWER:**   **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 23.**

24.    Ms. Frazier was at all times referenced herein allowed to keep her knee brace and retractable cane.

**ANSWER:**   **These medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 24.**

25.    Upon her arrival Ms. Frazier notified the Correctional Officers of her medical issues and was put on the Medical Watch List. However Nurse Novak negligently failed to properly assess her.

**ANSWER:**   **These medical defendants admit that the decedent came to the Champaign County Jail on November 30, 2015, but deny the remaining allegations of Paragraph 25.**

26.    Ms. Frazier, at all times relevant had the following medical conditions: hypertension, morbid obesity, insomnia, gastroesophageal reflux disease, joint pain of lower extremities and a long-standing polysubstance abuse history.

**ANSWER:**   **These medical defendants admit that Ms. Frazier had certain medical conditions as is further set forth in her medical records, but deny any allegation by the plaintiff that is contrary to those records.**

27.    Ms. Frazier was initially placed in cell F2, with a mandate that a correctional officer check in on her every 13 minutes.

**ANSWER:**   **These medical defendants admit that the decedent was placed into a cell at the jail, but lack sufficient knowledge or information to answer the remaining allegations of Paragraph 27.**

28.   At or about 7:00 pm on November 30, 2015, Ms. Frazier was placed in cell H4 with another female inmate.

**ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 28.**

29.   At or about 2:00 am on December 1, 2015, Ms. Frazier cried out in pain, screaming and crying in her cell because of intense abdominal pain.

**ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 29.**

30.   At or about the same time and date, Ms. Frazier was banging on the cell door pleading for help.

**ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 30.**

31.   At or about 2:30 am or 3:00 am, Ms. Frazier was moaning and groaning very loudly.

**ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 31.**

32.   At or about the same time and date, Defendant Mathews, acting with deliberate indifference, ordered Ms. Frazier to stop moaning and groaning, as it was waking the other inmates.

**ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 32.**

33.     At or about 2:50 am, after her pleas for help continued, Defendant Mathews ordered that Ms. Frazier be moved to cell HI by herself.

**ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 33.**

34.     At or about 6:15 am, a male inmate heard Ms. Frazier's continual cries for help and heard her kicking the door of her cell.

**ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 34.**

35.     At or about 6:30 am, a correctional officer asked Ms. Frazier what was wrong with her stomach, to which Ms. Frazier responded "heroin."

**ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 35.**

36.     At or about the above time and date, Defendant Mathews sent an email to the medical staff at the jail including Nurse Novak, stating "Inmate Frazier's stomach hurts due to heroin withdrawal. Can you see her at your early *(sic)* convenience?"

**ANSWER:**     **The medical defendants admit that the email was sent during the morning hours.**

37.     At or about 7:30 am, a correctional officer sought out and notified Defendant Kemp about Ms. Frazier's need for medical treatment.

**ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 37.**

38.     With deliberate indifference, Defendant Kemp waited until about 11:30 am to complete a COWS screening which indicated that Ms. Frazier necessitated treatment for

heroin withdrawal.

> **ANSWER:**   **The medical defendants admit that a COWS screening was completed for the decedent as reflected in her medical records.**

39.     At or about the above time and date, Defendant Kemp notified a doctor that Ms. Frazier needed to begin the medical regimen which treats heroin withdrawals and was given permission to proceed.

> **ANSWER:**   **The medical defendants admit that Nurse Kemp contacted CCS' physician regarding the plaintiff's withdrawal from heroin.**

40.     At or about 2:30 pm, Defendant Novak attended to Ms. Frazier and advised Ms. Frazier that she would receive her next treatment between 4:00 pm and 4:30 pm.

> **ANSWER:**   **The medical defendants admit the allegations of Paragraph 40.**

41.     At or about 3:23 pm, Ms. Frazier removed items from her toiletry bag and appeared to place 3 to 4 items in her mouth.

> **ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 41.**

42.     From 3:32 pm to 3:50 pm, Ms. Frazier is seen sitting up, laying down and rocking, turning from one side to the other.

> **ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 42.**

43.     At or about 3:50 pm, Ms. Frazier appeared to have a small seizure, where her head extends and rotates until Ms. Frazier's head is facing down and her right leg simultaneously slides out.

> **ANSWER:**   **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 43.**

44.    After that movement at 3:50 pm Ms. Frazier never moves again.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 44.**

45.    Officer Goodwin arrived at the Jail for briefing at 3:45 pm and did a 'head count'to make sure all the inmates are there at 4 pm.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 45.**

46.    Officer Goodwin stated in his interview with the University of Illinois police that he was unaware of what Ms. Frazier's medical condition was or if there was any specific protocol for her.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 46.**

47.    Officer Goodwin stated "medical check" was to make a visual check every thirteen minutes.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 47.**

48.    At around 4:43, Officer Goodwin, is seen on the surveillance video leaving the tray without even glancing at Ms. Frazier.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 48.**

49.    According to Officer Goodwin this interaction counted as one of the medical checks to be done every 13 minutes, yet with deliberate indifference he failed to look at the Ms. Frazier.

**ANSWER:**    **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 49.**

50.     Officer Goodwin's medical check is another 'head count' in that he is only making sure the inmates are physically present defeating the purpose of having at risk inmates in solitary medical cells.

> **ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 50.**

51.     At or about 5:00 pm, Officer Burgener and a daytime trustee were collecting the evening meal trays and noticed that Ms. Frazier did not touch her meal.

> **ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 51.**

52.     Officer Burgener noted that Ms. Frazier was unresponsive and requested assistance.

> **ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 52.**

53.     Other officers arrived and began CPR and requested emergency medical assistance.

> **ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 53.**

54.     At or about 5:17 pm, Arrow Ambulance personnel arrived and found Ms. Frazier unresponsive, and transported her to Carle Hospital.

> **ANSWER:**     **The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 54.**

55.     Officer Burgener noted at some point that Ms. Frazier had blue pills stuck to her chest and asked medical staff about the pills. No blue pills had been prescribed to Ms. Frazier and Officer Burgener had not uncovered any pills in her strip search of Ms. Frazier and her

property.

> **ANSWER:** The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 55.

56.    At 5:46 pm, Ms. Frazier was pronounced dead by the attending physician.

> **ANSWER:** The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 56.

57.    At 10:00 pm, Champaign County Deputy Coroner Jeff Zumwalt notified Ms.

Frazier's sister that Ms. Frazier had died.

> **ANSWER:** The medical defendants lack sufficient knowledge or information to answer the allegations of Paragraph 57.

## COUNT I:
### Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. 41983 vs. Defendant Sergeant Arnold Mathews

58-63.
> **ANSWER:** The medical defendants make no answer to the allegations of Count I as these allegations are not directed at the medical defendants.

## COUNT II:
### Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendants Novak and Kemp

64.    The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated

herein.

> **ANSWER:** The medical defendants repeat their answers to Paragraphs 1-57 as if fully incorporated herein.

65.    Defendant Novak is the supervisory official responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including substance withdrawal.

**ANSWER:**    The medical defendants deny the allegations of Paragraph 65.

66.    By and through her agents, Defendant Novak, is responsible for conduct of the employees of Correct Care Solutions, LLC, contracted by Champaign County, and the wellbeing of its inmates.

**ANSWER:**    The medical defendants deny the allegations of Paragraph 66.

67.    Because Ms. Frazier had no control over her confinement, Defendant Novak and Defendant Kemp, contracted by Champaign County, had an absolute duty to care for and ensure Ms. Frazier's well-being and safety.

**ANSWER:**    The medical defendants deny the allegations of Paragraph 67.

68.    After being made aware of Ms. Frazier's medical condition and emergency medical needs, the Defendant Novak and Defendant Kemp exercised deliberate indifference to Ms. Frazier's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Ms. Frazier's increasingly urgent pleas for medical assistance.

**ANSWER:**    The medical defendants deny the allegations of Paragraph 68.

69.    The failure to act on and respond to Ms. Frazier's serious medical needs and medical emergency proximately caused, in whole or in part, her conscious pain and suffering and her death, depriving Ms. Frazier of her rights under the Eighth Amendment and in violation of 42 U.S.C. §1983.

**ANSWER:**    The medical defendants deny the allegations of Paragraph 69.

### COUNT III:
### Violation of Title II of the Americans with Disabilities Act pursuant to 42 U.S.C. §12101 et seq. vs. Defendant Champaign County

70-80.

**ANSWER:**   The allegations of Count III are not directed at the medical defendants and, therefore, the medical defendants make no answer thereto.

## COUNT IV:
### Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendant Mathews

81-93.

**ANSWER:**   The allegations of Count IV are not directed at the medical defendants and, therefore, the medical defendants make no answer thereto.

## COUNT V:
### Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendant Hurgener

94-102.

**ANSWER:**   The allegations of Count V are not directed at the medical defendants and, therefore, the medical defendants make no answer thereto.

## COUNT VI:
### Wrongful Death Pursuant to 740 ILCS §180/0.01 et sea. vs. Defendant Goodwin

98-113.

**ANSWER:**   The allegations of Count III are not directed at the medical defendants and, therefore, the medical defendants make no answer thereto.

## COUNT V:
### Wrongful Death Pursuant to 740 ILCS 4180/0.01 et seq. vs. Defendant Wilson

114-123.

**ANSWER:**   The allegations of Count III are not directed at the medical defendants and, therefore, the medical defendants make no answer thereto.

## COUNT VII:
### Wrongful Death Pursuant to 740 ILCS §180/0.01 et see. vs. Defendants Novak, Kemp, and Correct Care Solutions. LLC

124.   The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

> **ANSWER:**      **The medical defendants repeat their answers to Paragraphs 1-57 as if incorporated herein.**

125.   The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

> **ANSWER:**      **Paragraph 125 is a Statement of Law to which no answer is required.**

126.   The Defendants failed to provide adequate medical care to Ms. Frazier about whose medical conditions they had preexisting knowledge.

> **ANSWER:**      **The medical defendants deny the allegations of Paragraph 126.**

127.   The Defendants failed to provide adequate medical attention as is protocol in Champaign County Jail.

> **ANSWER:**      **The medical defendants deny the allegations of Paragraph 127.**

128.   The Defendants, through their agents, did not check on Ms. Frazier in accordance with the standards set out by their medical watch procedures.

> **ANSWER:**      **The medical defendants deny the allegations of Paragraph 128.**

129.   The Defendants' failure resulted in Ms. Frazier's untimely and unnecessary death.

> **ANSWER:**      **The medical defendants deny the allegations of Paragraph 129.**

130.   On information and belief, at all relevant times, it was the duty and responsibility of the Defendants to exercise reasonable care to provide for the medical needs of Ms. Frazier and all other inmates housed within Champaign County Jail.

> **ANSWER:**      **The medical defendants admit the duties imposed by law, but deny the plaintiff's characterization of those duties.**

131.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and the Defendants' breach of duty, Ms. Frazier suffered injuries that ultimately resulted in her untimely death.

**ANSWER:**       **The medical defendants deny the allegations of Paragraph 131.**

132.   The family of Ms. Frazier has unexpectedly lost forever a loved one. Ms. Frazier was a loving grandmother who doted on her seven grandchildren.

**ANSWER:**       **The medical defendants deny the allegations of Paragraph 132.**

133.   Ms. Frazier's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

**ANSWER:**       **The medical defendants deny the allegations of Paragraph 133.**

134.   As a direct and proximate result of the breach of Defendants' duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their sister, mother, and grandmother.

**ANSWER:**       **The medical defendants deny the allegations of Paragraph 134.**

135.   Defendants owed a duty to provide professional and responsible health services to Ms. Frazier. Notwithstanding this duty, after being made aware that Ms. Frazier required emergency medical care, Defendants, acting in accordance with their policies and procedures, willfully, wantonly, or negligently refused to take action to provide Ms. Frazier with medical care, thereby proximately caring, in whole or in part, her conscious pain and suffering and her death.

**ANSWER:**       **The medical defendants deny the allegations of Paragraph 135.**

## COUNT VIII:
## Medical Malpractice Pursuant to 735 ILCS 0/2-1704
## vs. Defendant Novak

136.    The Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

**ANSWER:**     **The medical defendants repeat their answers to Paragraphs 1-57 and Paragraphs 124-135 as if fully set forth herein.**

137.    On or about November 30, 2015 and December 1, 2015, Defendant Novak was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

**ANSWER:**     **The medical defendants admit the allegations of Paragraph 137.**

138.    On or about November 30, 2015 and December 1, 2015, Defendant Novak held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

**ANSWER:**     **The medical defendants admit the allegations of Paragraph 138.**

139.    On or about November 30, 2015 and December 1, 2015, Defendant Novak was an employee or agent of Correct Care Solutions, LLC.

**ANSWER:**     **The medical defendants admit the allegations of Paragraph 139.**

140.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

**ANSWER:**     **The medical defendants admit the allegations of Paragraph 140.**

141.    On or about November 30, 2015 and December 1, 2015, Defendant Novak had medical privileges in Champaign County.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 141.**

142.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 142.**

143.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 143.**

144.    On or about November 30, 2015 and December 1, 2015, Defendant Novak negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 144.**

145.    On or about November 30, 2015, Defendant Novak provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

**ANSWER:**        **The medical defendants admit that certain medications were provided to the decedent as reflected in her medical records.**

146.    On or about December 1, 2015, Defendant Novak failed to provide additional withdrawal medications to the decedent, Toya Frazier.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 146.**

147.    On or about December 1, 2015, Defendant Novak failed to refer the decedent

Toya Frazier to the Emergency Department with abdominal pain, which could have prevented
her overdose and death.

**ANSWER:**　　　**The medical defendants deny the allegations of Paragraph 147.**

148.　　On or about November 30, 2015 and December 1, 2015 Defendant Novak owed
a duty of care to the decedent, Toya Frazier to perform her duties within an acceptable standard
of medical care within the medical community.

**ANSWER:**　　　**The medical defendants admit the duties imposed by law, but deny
the plaintiff's characterization of those duties.**

149.　　Defendant Novak breached this standard of care in the manner described above,
causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

**ANSWER:**　　　**The medical defendants deny the allegations of Paragraph 149.**

150.　　As a direct and proximate result of the breach of the applicable standard of
medical care by Defendant Novak, the decedent Toya Frazier was found unresponsive at
5:11 pm, after the Defendant Novak failed to provide the Plaintiff with her required
treatment at 4:30 pm.

**ANSWER:**　　　**The medical defendants deny the allegations of Paragraph 150.**

151.　　By means of the negligence of the Defendant Novak and as a direct and proximate
result of the breach of the applicable standard of medical care, the decedent, Toya Frazier
suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish;
incurred medical expenses; suffered death and other damages.

**ANSWER:**　　　**The medical defendants deny the allegations of Paragraph 151.**

152.   All of the injuries and damages sustained by the decedent, Toya Frazier were the direct and proximate result of the negligent acts of the Defendant Novak without any act or omission on the part of the decedent.

**ANSWER:**   **The medical defendants deny the allegations of Paragraph 152.**

153.   Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

**ANSWER:**   **The medical defendants deny the allegations of Paragraph 153.**

### COUNT IX:
### Medical Malpractice Pursuant to 735 ILCS §5/2-1704
### vs. Defendant Kemp

154.   Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

**ANSWER:**     **The medical defendants repeat their answers to Paragraphs 1-57 and Paragraphs 124-135 as if fully set forth herein.**

155.   On or about November 30, 2015 and December 1, 2015, Defendant Kemp was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

**ANSWER:**     **The medical defendants admit the allegations of Paragraph 155.**

156.   On or about November 30, 2015 and December 1, 2015, Defendant Kemp held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 156.**

157.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp was an employee or agent of Correct Care Solutions, LLC.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 157.**

158.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

**ANSWER:**    **The medical defendants admit the allegations of Paragraph 158.**

159.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp had medical privileges in Champaign County.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 159.**

160.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 160.**

161.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 161.**

162.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

22

**ANSWER:**　　The medical defendants deny the allegations of Paragraph 162.

163.　On or about November 30, 2015, Defendant Kemp provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

**ANSWER:**　　The medical defendants admit that the decedent was provided with certain medications as set forth in her medical records.

164.　On or about December 1, 2015, Defendant Kemp failed to provide additional withdrawal medications to the decedent, Toya Frazier.

**ANSWER:**　　The medical defendants deny the allegations of Paragraph 164.

165.　On or about December 1, 2015, Defendant Kemp failed to refer the decedent Toya Frazier to the Emergency Department with abdominal pain, which could have prevented her overdose and death.

**ANSWER:**　The medical defendants deny the allegations of Paragraph 165.

166.　On or about November 30, 2015 and December 1, 2015 Defendant Kemp owed a duty of care to the decedent, Toya Frazier to perform her duties within an acceptable standard of medical care within the medical community.

**ANSWER:**　　The medical defendants admit only those duties imposed by law and deny the plaintiff's characterization of those duties.

167.　Defendant Kemp breached this standard of care in the manner described above, causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

**ANSWER:**　　The medical defendants deny the allegations of Paragraph 167.

168.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Kemp, the decedent Toya Frazier was found unresponsive at 5:11 pm, after the Defendant Kemp failed to provide the Plaintiff with her required treatment at 4:30 pm.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 168.**

169.    By means of the negligence of the Defendant Kemp and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Toya Frazier suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered other damages and death.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 169.**

170.    All of the injuries and damages sustained by the decedent, Toya Frazier were the direct and proximate result of the negligent acts of the Defendant Kemp without any act or omission on the part of the decedent.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 170.**

171.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 171.**

<u>**COUNT X:**</u>
<u>**Medical Malpractice Pursuant to 735 ILCS §5/2-1704**</u>
<u>**vs. Defendant Correct Care Solutions, LLC**</u>

172.    Plaintiff reincorporates and realleges paragraphs 1-57 and 124-135 as if fully incorporated herein.

**ANSWER:**        **The medical defendants repeat their answers to Paragraphs 1-57 and Paragraphs 124-135 as if fully set forth herein.**

173.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 173.**

174.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 174.**

175.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp was an employee or agent of Correct Care Solutions, LLC.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 175.**

176.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 176.**

177.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp had medical privileges in Champaign County.

**ANSWER:**        **The medical defendants admit the allegations of Paragraph 177.**

178.    On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to completely assess the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 178.**

179.   On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to provide medical services or interventions to the decedent Toya Frazier who was incarcerated in Urbana, Champaign County, Illinois.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 179.**

180.   On or about November 30, 2015 and December 1, 2015, Defendant Kemp negligently failed to properly assess the decedent Toya Frazier every 13 minutes as required and did not properly document this failure.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 180.**

181.   On or about November 30, 2015, Defendant Kemp provided the decedent, Toya Frazier, with medication commonly prescribed to treat withdrawals in patients with a history of substance abuse.

**ANSWER:**        **The medical defendants admit that the decedent was provided with certain medications as set forth in her medical records.**

182.   On or about December 1, 2015, Defendant Kemp failed to provide additional withdrawal medications to the decedent, Toya Frazier.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 182.**

183.   On or about December 1, 2015, Defendant Kemp failed to refer the decedent Toya Frazier to the Emergency Department with abdominal pain, which could have prevented her overdose and death.

**ANSWER:**        **The medical defendants deny the allegations of Paragraph 183.**

184.   On or about November 30, 2015 and December 1, 2015 Defendant Kemp owed a duty of care to the decedent, Toya Frazier to perform her duties within an acceptable standard of medical care within the medical community.

**ANSWER:**   **The medical defendants admit only those duties imposed by law and deny the plaintiff's characterization of those duties.**

185.   Defendant Kemp breached this standard of care in the manner described above, causing the decedent, Toya Frazier physical, mental and emotional pain, and ultimately, death.

**ANSWER:**   **The medical defendants deny the allegations of Paragraph 185.**

186.   As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Kemp, the decedent Toya Frazier was found unresponsive at 5:11 pm, after the Defendant Kemp failed to provide the Plaintiff with her required treatment at 4:30 pm.

**ANSWER:**   **The medical defendants deny the allegations of Paragraph 186.**

187.   By means of the negligence of the Defendant Kemp and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Toya Frazier suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered other damages and death.

**ANSWER:**   **The medical defendants deny the allegations of Paragraph 187.**

188.    All of the injuries and damages sustained by the decedent, Toya Frazier were the direct and proximate result of the negligent acts of the Defendant Kemp without any act or omission on the part of the decedent.

**ANSWER:        The medical defendants deny the allegations of Paragraph 188.**

189.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report and affidavit from a Health Care Professional.

**ANSWER:        The medical defendants deny the allegations of Paragraph 189.**

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment on as follows: On all Counts:

    a.  Compensatory general and special damages in accordance with proof; and

    b.  Costs of suit necessarily incurred herein; and

    c.  Such further relief as the Court deems just or proper;

and On Count I, and Count II:

    a.  Reasonable Attorney's fees and expenses of litigation; and

    b.  Punitive damages against defendants (except the immune entity defendants) in an amount sufficient to punish those defendants and to deter further misconduct; and

    c.  Compensatory damages related to the heirs of Toya Frazier and their loss of society and companionship, loss of financial support;

On Count III:

a.  Compensatory general and special damages in accordance with proof; and

b.  Costs of suit necessarily incurred herein; and

c.  Reasonable Attorney's fees and expenses of litigation; and

d.  Such further relief as the Court deems just or proper; and

On Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, and Count

X:  a. Statutory damages as allowed.


**ANSWER:**      **The medical defendants deny that the plaintiff is entitled to any damages.**


**\*\*THE MEDICAL DEFENDANTS REQUEST A TRIAL BY JURY.**


Respectfully Submitted,

**VOGT & O'KANE**

By:  /s/ Robert P. Vogt
        Robert P. Vogt


**VOGT & O'KANE**
20 South Clark Street,
Suite 1050
Chicago, Illinois  60603
(312) 236-5151
bvogt@vogtokane.com
pldgs/ Answer to Pl's 3rd Amended Complaint

750-2074 RPV\SAL #6191112

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| JACQUELINE JONES , INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, DECEDENT, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Court No.: 16 cv 02364 |
| SERGEANT ARNOLD MATHEWS; CECILE KEMP, LPN; BETH NOVAK, RN ; and CORRECT CARE SOLUTIONS, LLC; CHAMPAIGN COUNTY, ILLINOIS ) ) ) ) ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, *Robert P. Vogt*, certify that on **June 14, 2018**, I electronically filed **The Medical Defendants' Answer to the Plaintiff's Third Amended Complaint,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- Brian Michael Smith          bsmith@heylroyster.com, urbecf@heylroyster.com
- Keith Eric Fruehling         kfruehling@heylroyster.com, urbecf@heylroyster.com
- Shayla L Maatuka             shayla@madelaw.net, stevie@madelwaw.net

Respectfully Submitted,

**VOGT & O'KANE**

By: /s/ Robert P. Vogt
        Robert P. Vogt

**VOGT & O'KANE**
Attorneys for Defendants
20 South Clark Street
Suite 1050
Chicago, IL 60603
(312) 236-5151