E-FILED
Thursday, 14 June, 2018  04:34:47 PM
Clerk, U.S. District Court, ILCD

5590-7
KEF/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACQUELINE JONES, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF TOYA D. FRAZIER, DECEDENT, | ) ) ) ) |
|     Plaintiff, | ) ) |
| vs. | ) No.:  16-cv-02364 ) |
| SERGEANT ARNOLD MATHEWS; OFFICER JESSICA BURGENER; OFFICER CLAYTON GOODWIN; OFFICER HOWARD WILSON; CECILE KEMP, LPN; BETH NOVAK, RN; and CORRECT CARE SOLUTIONS, LLC; CHAMPAIGN COUNTY, ILLINOIS, | ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

## RESPONSE TO THIRD AMENDED COMPLAINT

NOW COME the Defendants, ARNOLD MATHEWS and CHAMPAIGN COUNTY, ILLINOIS, by KEITH E. FRUEHLING of HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and as and for their Response to the Third Amended Complaint, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil action arising under the Eighth Amendment to the United States Constitution; The Civil Rights Act of 1964 – 42 U.S.C. §1983 and §1988; The Americans with Disabilities Act - 42 U.S.C. §12101 et seq.; The Illinois Constitution, Article I §2 and §12; and Illinois State Law- 740 ILCS §180/0.01 et seq.; 735 ILCS §5/2-1704; 740 ILCS §23/5; and 755 ILCS §5/27-6.

**ANSWER:      Defendants admits this case is a civil action and allows the statutes cited to speak for themselves.**

2.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and also supplemental jurisdiction of state claims pursuant to 28 U.S.C. §1367.

**ANSWER:      Admit the Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and that the Court, if it elects to do so, may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.**

3.      This judicial district is the appropriate venue under 28 U.S.C. §1391(b) and (e)(1) because the events giving rise to the suit occurred in this judicial district.

**ANSWER:      Admit.**

## PARTIES

4.      Decedent, Toya Frazier, was at all times relevant a resident of the State of Illinois and the City of Urbana.

**ANSWER:      The Defendants have insufficient information with which to admit or deny the allegations of this paragraph; and therefore deny the same.**

5.      Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, brings this suit and was at all times relevant a resident of the State of Illinois and the City of Savoy.

**ANSWER:      The Defendants have insufficient information with which to admit or deny the allegations of this paragraph; and therefore deny the same.**

6.      Dan Walsh was at all times relevant the Sheriff of Champaign County, Illinois, acting under color of state law. He was at all times relevant an elected official in charge of the Downtown Adult Detention and the Satellite Adult Detention (hereinafter "Champaign County

Jails"). The Champaign County Jails are a part of the Sheriff's department, which is a local unit of government formed to incarcerate violators of the law.

**ANSWER:** **Admit.**

7.     Clayton Goodwin, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

**ANSWER:** **Admit.**

8.     Jessica Burgener, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

**ANSWER:** **Admit.**

9.     Howard Wilson, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail and at all times relevant hereto she was acting under color of state law and within the course and scope of her employment.

**ANSWER:** **Admit.**

10.     Defendant Sergeant Arnold Mathews, a jail supervisor who was at all times relevant employed by Champaign County and responsible for employees of Champaign County Jail. He is sued in his individual capacity at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

**ANSWER:** **Admit that this Defendant was employed as a Sergeant at all relevant times and acting within the course and scope of his employment but denies the remaining allegations of this paragraph.**

11.     Champaign County, Illinois is the public entity responsible for Champaign County and both Champaign County Jails and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20. (7th Cir. 2003)

**ANSWER:     Denied.**

12.     Defendant Cecile Kemp, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates, acting under color of state law, and is sued in her individual capacity.

**ANSWER:     Defendants believe the allegation that Ms. Kemp was at all times relevant a licensed practical nurse who was employed by Correct Care Solutions, LLC, is accurate as of the time of the alleged date of incident but do not personally know this for certain. Defendants have insufficient knowledge with which to either personally admit or deny the remaining allegations; and therefore deny the same. The allegations of this paragraph are better directed at that person as she is also a party Defendant.**

13.     Defendant Beth Novak, RN was at all times relevant a registered nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in her individual capacity.

**ANSWER:     Defendants believe the allegation that Ms. Novak was at all times relevant a registered nurse who was employed by Correct Care Solutions, LLC, is accurate as of the time of the alleged date of incident but do not personally know this for certain. Defendants have insufficient knowledge with which to either personally admit or deny the**

**remaining allegations; and therefore deny the same. The allegations of this paragraph are better directed at that person as she is also a party Defendant.**

14.     Defendant Correct Care Solutions, LLC, was at all times relevant a Limited Liability Company based out of Nashville, Tennessee, and authorized to do business in the State of Illinois, contracted by Champaign County.

**ANSWER:     Defendants have insufficient knowledge with which to either personally admit or deny the allegations; and therefore deny the same.  The allegations of this paragraph are better directed at that entity as it is also a party Defendant.**

## FACTS

15.     The Decedent, Toya D. Frazier was convicted of Felony Theft and turned herself in at the Champaign County Courthouse to serve her sentence on November 30, 2015 at approximately 8:45 am.

**ANSWER:     Admit.**

16.     At the Courthouse Officer Steve Barkley completed a mental health and medical questionnaire for Toya Frazier and transported Plaintiff to the Champaign County Satellite Jail.

**ANSWER:     Denied as alleged.**

17.     Officer Steve Barkley did not perform a 'pat down' or inspect her retractable cane at any point.

**ANSWER:     Denied.**

18.     According to Ms. Frazier's Booking Card, Ms. Frazier was booked at the Champaign County Satellite Jail at approximately 9:50 am on November 30, 2015 at which point Officer Howard Wilson took Ms. Frazier's booking photo and fingerprints and escorted her to F2.

**ANSWER:      Admit that Officer Howard Wilson booked Ms. Frazier on the morning of November 30, 2015, which included taking her fingerprints and photographs, and that Frazier was placed in cell F2. Defendants deny the remaining allegations of Paragraph 18.**

19.      As he stated in his interview with the Illinois State Police, Officer Wilson did not inspect Ms. Frazier's retractable cane and did not know if Ms. Frazier had been searched at the jail or the courthouse.

**ANSWER:      Admit to the extent Paragraph 19 only alleges as to the contents of the Illinois State Police non-verbatim interview summary of Officer Wilson. Defendants deny the remaining allegations of Paragraph 19.**

20.      Officer Spense was also in booking on November 30, 2015 when Ms. Frazier was brought in.

**ANSWER:      Admit that Officer Spense was in booking on November 30, 2015. Defendant Denies the remaining allegations of Paragraph 20.**

21.      Officer Spense stated in his interview with the Illinois State Police that Ms. Frazier should have been searched at the courthouse and the jail doesn't usually search people that come straight from the courthouse.

**ANSWER:      Admit only to the extent Paragraph 21 alleges as to the contents of the report prepared by the Illinois State Police reflecting their interview with Officer Spense. Defendants deny all remaining allegations of Paragraph 21.**

22.      Ms. Frazier was first searched at approximately, 6:45 p.m. on November 30, 2015 by Officer Burgener without assistance from other correctional staff; almost nine hours after Ms. Frazier was booked at the Champaign County Satellite Jail.

**ANSWER:** **Admit that Officer Burgener searched Ms. Frazier in the evening of November 30, 2015. Defendant's deny the remaining allegations of Paragraph 22.**

23. Officer Burgener stated she inspected Ms. Frazier's person and property and did not discover any contraband.

**ANSWER:** **Admit.**

24. Ms. Frazier was at all times referenced herein allowed to keep her knee brace and retractable cane.

**ANSWER:** **Admit that Plaintiff was allowed access to her cane and to wear her knee brace. Defendants lack sufficient information as to whether Plaintiff had access to her cane and/or brace at all times referenced in the Third Amended Complaint, and therefore denies the remaining allegations of Paragraph 24.**

25. Upon her arrival Ms. Frazier notified the Correctional Officers of her medical issues and was put on the Medical Watch List. However Nurse Novak negligently failed to properly assess her.

**ANSWER:** **The Defendants personally have insufficient information with which to admit or deny the allegations of this paragraph; and therefore deny the same. Defendants deny any knowledge of or the existence of any alleged negligent assessment or other negligent behavior.**

26. Ms. Frazier, at all times relevant had the following medical conditions: hypertension, morbid obesity, insomnia, gastroesophageal reflux disease, joint pain of lower extremities and a long-standing polysubstance abuse history.

**ANSWER:** **The Defendants personally have insufficient information with which to admit or deny the allegations of this paragraph; and therefore deny the same.**

27. Ms. Frazier was initially placed in cell F2, with a mandate that a correctional officer check in on her every 13 minutes.

**ANSWER:** **Admit the Mrs. Frazier was placed in said cell with medical designation; Defendants deny the remaining allegations of paragraph 27.**

28. At or about 7:00 pm on November 30, 2015, Ms. Frazier was placed in cell H4 with another female inmate.

**ANSWER:** **Denied as to time and admit the remaining allegations.**

29. At or about 2:00 am on December 1, 2015, Ms. Frazier cried out in pain, screaming and crying in her cell because of intense abdominal pain.

**ANSWER:** **Denied as alleged.**

30. At or about the same time and date, Ms. Frazier was banging on the cell door pleading for help.

**ANSWER:** **Denied.**

31. At or about 2:30 am or 3:00 am, Ms. Frazier was moaning and groaning very loudly.

**ANSWER:** **Admit.**

32. At or about the same time and date, Defendant Mathews, acting with deliberate indifference, ordered Ms. Frazier to stop moaning and groaning, as it was waking the other inmates.

**ANSWER:** **Denied.**

33.     At or about 2:50 am, after her pleas for help continued, Defendant Mathews ordered that Ms. Frazier be moved to cell H1 by herself.

**ANSWER:     Defendant admits that he moved Frazier to Cell H1, but denies the remaining allegations.**

34.     At or about 6:15 am, a male inmate heard Ms. Frazier's continual cries for help and heard her kicking the door of her cell.

**ANSWER:     The Defendants have insufficient information with which to admit or deny the allegations of this paragraph as alleged; and therefore deny the same.**

35.     At or about 6:30 am, a correctional officer asked Ms. Frazier what was wrong with her stomach, to which Ms. Frazier responded "heroin."

**ANSWER:     Admit that she said something regarding "heroin" to another officer but would not say anything to Defendants at that time.**

36.     At or about the above time and date, Defendant Mathews sent an email to the medical staff at the jail including Nurse Novak, stating "Inmate Frazier's stomach hurts due to heroin withdrawal. Can you see her at your early (sic) convenience?"

**ANSWER:     Admit that Defendant Mathews sent such an e-mail after Frazier told him that after 6:30 A.M. but before 7:00 A.M.**

37.     At or about 7:30 am, a correctional officer sought out and notified Defendant Kemp about Ms. Frazier's need for medical treatment.

**ANSWER:     Deny as alleged.**

38.      With deliberate indifference, Defendant Kemp waited until about 11:30 am to complete a COWS screening which indicated that Ms. Frazier necessitated treatment for heroin withdrawal.

**ANSWER:      Deny as alleged.**

39.      At or about the above time and date, Defendant Kemp notified a doctor that Ms. Frazier needed to begin the medical regimen which treats heroin withdrawals and was given permission to proceed.

**ANSWER:      The Defendants have insufficient personal information with which to admit or deny the allegations of this paragraph as alleged.**

40.      At or about 2:30 pm, Defendant Novak attended to Ms. Frazier and advised Ms. Frazier that she would receive her next treatment between 4:00 pm and 4:30 pm.

**ANSWER:      The Defendants have insufficient personal information with which to admit or deny the allegations of this paragraph as alleged.**

41.      At or about 3:23 pm, Ms. Frazier removed items from her toiletry bag and appeared to place 3 to 4 items in her mouth.

**ANSWER:      Admit that Defendants were told that is what the video image may reflect. But Defendants did not observe these things personally and therefore do not have personal knowledge sufficient to either admit or deny this characterization of or actual behavior.**

42.      From 3:32 pm to 3:50 pm, Ms. Frazier is seen sitting up, laying down and rocking, turning from one side to the other.

**ANSWER:     Defendants did not observe these things personally and therefore do not have personal knowledge sufficient to either admit or deny this characterization of or actual behavior; therefore Defendants deny the same.**

43.    At or about 3:50 pm, Ms. Frazier appeared to have a small seizure, where her head extends and rotates until Ms. Frazier's head is facing down and her right leg simultaneously slides out.

**ANSWER:     Defendants did not observe these things personally and therefore do not have personal knowledge sufficient to either admit or deny this characterization of or actual behavior; therefore Defendants deny the same.**

44.    After that movement at 3:50 pm Ms. Frazier never moves again.

**ANSWER:     Defendants did not observe these things personally and therefore do not have personal knowledge sufficient to either admit or deny this characterization of or actual behavior; therefore Defendants deny the same.**

45.    Officer Goodwin arrived at the Jail for briefing at 3:45 pm and did a 'head count' to make sure all the inmates are there at 4 pm.

**ANSWER:     Admit that a report of a University of Illinois Police Department's interview with Officer Goodwin describes Goodwin as having done a "head count" around 4pm. Defendants deny the remaining allegations of Paragraph 45.**

46.    Officer Goodwin stated in his interview with the University of Illinois police that he was unaware of what Ms. Frazier's medical condition was or if there was any specific protocol for her.

11

**ANSWER:      Admit that the text of a report of a University of Illinois Police Department's interview with Officer Goodwin describes Goodwin as being unaware of Ms. Frazier's specific medical condition. Defendant denies any and all other allegations in Paragraph 45.**

47.      Officer Goodwin stated "medical check" was to make a visual check every thirteen minutes.

**ANSWER:      Admit that the text of a report of a University of Illinois Police Department's interview with Officer Goodwin describes Goodwin as saying Ms. Frazier was on "medical check," and that a visual check is desired every thirteen minutes. Defendants deny any and all remaining allegations of Paragraph 47.**

48.      At around 4:43, Officer Goodwin, is seen on the surveillance video leaving the tray without even glancing at Ms. Frazier.

**ANSWER:      Admit the appearance of Officer Goodwin at said cell for the purpose of delivering a meal but denies the remaining allegations.**

49.      According to Officer Goodwin this interaction counted as one of the medical checks to be done every 13 minutes, yet with deliberate indifference he failed to look at the Ms. Frazier.

**ANSWER:      Denied as alleged.**

50.      Officer Goodwin's medical check is another 'head count' in that he is only making sure the inmates are physically present defeating the purpose of having at risk inmates in solitary medical cells.

**ANSWER:      Denied.**

51.    At or about 5:00 pm, Officer Burgener and a daytime trustee were collecting the evening meal trays and noticed that Ms. Frazier did not touch her meal.

**ANSWER:    Deny the time frame alleged but admit that the trustee perceived the remaining allegations.**

52.    Officer Burgener noted that Ms. Frazier was unresponsive and requested assistance.

**ANSWER:    Denied as alleged.**

53.    Other officers arrived and began CPR and requested emergency medical assistance.

**ANSWER:    Admit.**

54.    At or about 5:17 pm, Arrow Ambulance personnel arrived and found Ms. Frazier unresponsive, and transported her to Carle Hospital.

**ANSWER:    Defendants have no personal knowledge about the time and therefore cannot admit or deny that allegation directly.   However, Defendants admit that the coroner's report reflects these allegations.**

55.    Officer Burgener noted at some point that Ms. Frazier had blue pills stuck to her chest and asked medical staff about the pills. No blue pills had been prescribed to Ms. Frazier and Officer Burgener had not uncovered any pills in her strip search of Ms. Frazier and her property.

**ANSWER:    Admit there is an Illinois State Police report containing this description; otherwise, Defendants deny all allegations of Paragraph 55.**

56.     At 5:46 pm, Ms. Frazier was pronounced dead by the attending physician.

**ANSWER:     The Defendants have insufficient personal information with which to admit or deny the allegations of this paragraph as alleged. Defendants were, however, told that the time alleged is listed by the coroner in his report and can admit that fact; and can admit Ms. Frazier passed on.**

57.     At 10:00 pm, Champaign County Deputy Coroner Jeff Zumwalt notified Ms. Frazier's sister that Ms. Frazier had died.

**ANSWER:     The Defendants have insufficient personal information with which to admit or deny the allegations of this paragraph as alleged; and therefore denies the same.**

### COUNT I: Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendant Sergeant Arnold Mathews

58.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

**ANSWER:     Defendant Matthews reincorporates by reference thereto each and every one of his Answers to Paragraphs 1 through 57 as and for his Answer to this paragraph.**

59.     Defendant Sergeant Arnold Mathews is the supervisory officials responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including substance withdrawal.

**ANSWER:     Denied.**

60.     By and through his agents, Defendant Mathews is responsible for conduct of the employees of Champaign County Jails and the well-being of its inmates.

**ANSWER:     Denied.**

61.     Because Ms. Frazier had no control over her confinement, Defendant Mathews, individually and through the employees he supervises had an absolute duty to care for and ensure Ms. Frazier's well-being and safety.

**ANSWER:     Denied.**

62.     After being made aware of Ms. Frazier's medical condition and emergency medical needs, Defendant Mathew exercised deliberate indifference to Ms. Frazier's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Ms. Frazier's increasingly desperate pleas for medical assistance.

**ANSWER:     Denied.**

63.     The failure to act on and respond to Ms. Frazier's serious medical needs and medical emergency proximately caused, in whole or in part, her conscious pain and suffering and her death, depriving Ms. Frazier of her rights under the Eighth Amendment and in violation of 42 U.S.C. §1983.

**ANSWER:     Denied.**

WHEREFORE, the Defendant, Arnold Mathews, respectfully requests the Court enter judgment his favor, and against the Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, for costs and any other relief this Court deems fit.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT II: Constitutional Deprivation of Ms. Frazier's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendants Novak and Kemp**

Count II is not directed at this Defendant, and therefore, Defendant does not respond to same.

**COUNT III: Violation of Title II of the Americans with Disabilities Act pursuant to 42 U.S.C. §12101 et seq. vs. Defendant Champaign County**

70. The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

**ANSWER:** **Defendant Champaign County reincorporates by reference thereto each and every one of its Answers to Paragraphs 1 through 57 as and for its Answer to this paragraph.**

71. Champaign County Jail is a local governmental entity which engages in offering and providing care and medical services to members of the public who are inmates therein, and which receives federal funding.

**ANSWER:** **Denied as alleged.**

72. Champaign County Jail is required to comply with the Americans with Disabilities Act.

**ANSWER:** **Denied as alleged.**

73. Ms. Frazier qualifies as a person with a disability due to her history of substance abuse, and required such care as is guaranteed all disabled persons by the Americans with Disabilities Act.

**ANSWER:** **Denied.**

74. The County was aware of her disability due to her drug history and prior incarcerations.

16

**ANSWER:** **Denied as alleged.**

75. Ms. Frazier was qualified to benefits due to her disability that she sought by making Champaign County aware of her drug addition.

**ANSWER:** **Denied.**

76. Ms. Frazier was denied treatment for her withdraw symptoms after asking for treatment.

**ANSWER:** **Denied.**

77. The Defendant supervises and oversees all employees and their activities at Champaign County Jail and is responsible for enforcing employee compliance with the Americans with Disabilities Act.

**ANSWER:** **Denied as alleged.**

78. The Defendant Champaign County is a public entity as defined by the ADA 42 USC § 12132.

**ANSWER:** **Objection – this interrogatory calls for as legal conclusion. Without waiving said objection, Champaign County denies any definition exists in the cited section.**

79. Ms. Frazier was denied medical treatment and treatment for drug use because of her disability. She cried out "heroin" and was denied any treatment until the following day. She was denied treatment because she was a drug addict.

**ANSWER:** **Denied.**

80. Defendant Champaign County through willful and wanton conduct violated the Americans with Disabilities Act by failing to provide adequate medical attention and care for Ms. Frazier and accommodate her severe impairment.

**ANSWER:** **Denied.**

WHEREFORE, the Defendant, Champaign County, respectfully requests the Court enter judgment its favor, and against the Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, for costs and any other relief this Court deems fit.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT IV: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq.**
**vs. Defendant Mathews**

81.     The Plaintiff reincorporates and realleges paragraphs 1-57 as if fully incorporated herein.

**ANSWER:** **Defendant Matthews reincorporates by reference thereto each and every one of his Answers to Paragraphs 1 through 57 as and for his Answer to this paragraph.**

82.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

**ANSWER:** **Admit.**

83.     The Defendant with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide adequate medical care to Ms. Frazier about whose medical conditions they had preexisting knowledge.

**ANSWER:** **Denied.**

84.     The Defendant with utter indifference to and conscious disregard for the safety of others willfully and wantonly failed to provide adequate medical attention and check on her every 13 minutes as is protocol in Champaign County Jail.

**ANSWER:** **Denied.**

85.     The Defendant, through his agents, did not check on Ms. Frazier in accordance with the standards set out by their medical watch procedures.

**ANSWER:        Denied.**

86.        Additionally Defendant Mathews with utter indifference to and conscious disregard for the safety of others willfully and wantonly disregarded decedent's welfare when he told her that she was bothering other inmates when she begged for medical care.

**ANSWER:        Denied.**

87.        The Defendant's failure and willful and wanton conduct resulted in Ms. Frazier's untimely and unnecessary death.

**ANSWER:        Denied.**

88.        On information and belief, at all relevant times, it was the duty and responsibility of the Defendant to exercise reasonable care to provide for the medical needs of Ms. Frazier and all other inmates housed within Champaign County Jail.

**ANSWER:        Denied.**

89.        As a direct and proximate result of one or more of the foregoing willful and wanton and negligent acts and/or omissions and the Defendant's breach of duty, Ms. Frazier suffered injuries that ultimately resulted in her untimely death.

**ANSWER:        Denied.**

90.        The family of Ms. Frazier has unexpectedly lost forever a loved one. Ms. Frazier was a loving grandmother who doted on her seven grandchildren.

**ANSWER: Defendant has insufficient personal information with which to admit or deny the allegations of the paragraph as alleged, and therefore denies the same.**

91.        Ms. Frazier's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

**ANSWER: Defendant has insufficient personal information with which to admit or deny the allegations of the paragraph as alleged, and therefore denies the same.**

92.     As a direct and proximate result of the breach of Defendant's duty, Ms. Frazier's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their sister, mother, and grandmother.

**ANSWER: Defendant has insufficient personal information with which to admit or deny the allegations of the paragraph as alleged, and therefore denies the same.**

93.     Defendant owed a duty to provide professional and responsible health services to Ms. Frazier. Notwithstanding this duty, after being made aware that Ms. Frazier required emergency medical care, Defendant, acting in accordance with the policies and procedures, willfully, wantonly, and/or negligently refused to take action to provide Ms. Frazier with medical care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

**ANSWER:     Denied.**

WHEREFORE, the Defendant, Arnold Mathews, respectfully requests the Court enter judgment his favor, and against the Plaintiff, Jacqueline Jones, Independent Administrator of the Estate of Toya D. Frazier, Decedent, for costs and any other relief this Court deems fit.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNTS V (on p.14 of Plaintiff's Complaint) to X:**

Counts V (p.14) through X are not directed at this Defendant; therefore, Defendant does not respond to the same.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, Arnold Mathews, Heyl, Royster, Voelker & Allen, and pursuant to Federal Rule of Civil Procedure 8(b) and (c), hereby set forth the following affirmative defenses:

1.      Defendant is entitled to qualified immunity on the federal law claim.

2.      To the extent that Plaintiffs' Second Amended Complaint references any action or omission on the part of the Defendant more than two years prior to the date that the Plaintiff filed her lawsuit on this federal count, said claim is are barred by the statute of limitations.

3.      To the extent that Plaintiff seeks to hold the above-named Defendant liable for acts or omissions of anyone other than himself under federal law, said claims are barred by law and Section 1983 does not allow claims based on vicarious liability or respondeat superior theories.

4.       To the extent that the deceased Plaintiff failed to exhaust her administrative remedies, this Defendant is entitled to a judgment as a matter of law on the claim based on federal law.

5.       To the extent that the deceased Plaintiff seeks state law claims against Defendants, said claims are barred by 745 ILCS 10/4-103, which does not require the periodic inspection of prisoners.  Specifically, a public employee cannot be liable for failure to provide sufficient equipment, personnel, supervision or facilities therein.

6.       To the extent that the deceased Plaintiff seeks state law claims against Defendants, said claims are barred by 745 ILCS 10/6-105, as a public employee acting within the scope of their employment cannot be liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for

the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others.

7.      To the extent that the deceased Plaintiff seeks state law claims against Defendants, said claims are barred by 745 ILCS 10/6-106(a), as a public employee acting within the scope of their employment cannot be liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction, or for failing to prescribe for mental or physical illness or addiction.

8.      To the extent that the deceased Plaintiff seeks state law claims against Defendants predicated on any failure to convey Plaintiff to a public medical facility, said claims are barred by 745 ILCS 10/6-109.

9.      To the extent that the deceased Plaintiff seeks state law claims against Defendants, said claims are barred by 745 ILCS 10/4-105, which does not require the periodic inspection of prisoners.  Specifically, a public employee is not liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody unless from the employee's observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.

10.      To the extent that Plaintiffs' First Amended Complaint references any action or omission on the part of any of the Defendants more than one year prior to the date that the Plaintiffs filed their lawsuit on the state law counts, said claims are barred by the statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/8-101).

11.     The individual named-party defendant, ARNOLD MATHEWS, cannot be liable for any act or omission in their execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, Sec. 2-202, on all counts rooted in state law.

12.     The individual named-party defendant, ARNOLD MATHEWS, cannot be liable for an injury caused by any failure to enforce any law pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, Sec. 2-205, on all counts rooted in state law.

13.     The Plaintiffs' decedent, Tonya Frazier, had a duty to follow known Jail rules regarding the smuggling of contraband. Tonya Frazier disregarded these rules by smuggling in medications. Since decedent's own contributory negligence was the sole proximate cause of Plaintiffs' claimed injuries, judgment should be entered in favor of the Defendant and against the Plaintiffs. In the alternative, the contributory fault of the Plaintiffs' decedent was in excess of the total fault attributable to her claimed injuries, and judgment should be entered in favor of the Defendant and against the Plaintiffs. In the alternative, any recovery made by the Plaintiffs should be reduced in an amount commensurate with decedent's contributory fault in causing her claimed injuries.

14.     To the extent that any claimed injuries and damages of Plaintiffs are determined to be proximately caused by negligence on the part of Defendant, those injuries or damages were contributed to by pre-existing conditions of Plaintiffs' decedent, Janet Hahn, or of Plaintiffs' decedent's, Janet Hahn's, failure to mitigate damages, and therefore, any award given to Plaintiffs must be reduced.

**DEFENDANT DEMANDS A TRIAL BY JURY**

ARNOLD MATHEWS and CHAMPAIGN
COUNTY, ILLINOIS, Defendants

s/ Keith E. Fruehling
Attorney for Defendants
ARDC #6216098
Heyl, Royster, Voelker & Allen
301 N. Neil St., Suite 505
P.O. Box 1190
Champaign, IL 61824-1190
217-344-0060 Phone
217-344-9295 Fax
E-mail:  kfruehlng@heylroyster.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I electronically filed the foregoing RESPONSE TO THIRD AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Shayla Maatuka
Dodd & Maatuka
303 S. Mattis, Suite 201
Champaign, IL 61821
Email: shayla@madelaw.net

Mr. Robert P. Vogt
Mr. Seth LaPidus
Vogt & O'Kane
20 S. Clark St., Suite 1050
Chicago, IL 60603
Email: bvogt@vogtokane.com
Email: slapidus@vogtokane.com

I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None

s/ Keith E. Fruehling
Heyl, Royster, Voelker & Allen

34456409_1