5590-7
KEF/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JACQUELINE JONES, INDEPENDENT ) 
ADMINISTRATOR OF THE ESTATE OF ) 
TOYA D. FRAZIER, DECEDENT, ) 
　 ) 
　　　Plaintiff, ) 
　 ) 
　　vs. ) No.:  16-cv-02364
　 ) 
SERGEANT ARNOLD MATHEWS; ) 
OFFICER JESSICA BURGENER; ) 
OFFICER CLAYTON GOODWIN; ) 
OFFICER HOWARD WILSON; ) 
CECILE KEMP, LPN; BETH NOVAK, RN; and ) 
CORRECT CARE SOLUTIONS, LLC; ) 
CHAMPAIGN COUNTY, ILLINOIS, ) 
　 ) 
　　　Defendants. ) 

**MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO DISMISS**
**CLAYTON GOODWIN, JESSICA BURGENER, HOWARD WILSON, AND DAN WALSH**
**FROM PLAINTIFF'S THIRD AMENDED COMPLAINT**
**PURSUANT TO FEDERAL RULE 12(b)(2),(5)–(6)**

NOW COME the Defendants, CLAYTON GOODWIN, JESSICA BURGENER, HOWARD

WILSON, and DAN WALSH, by KEITH E. FRUEHLING of HEYL, ROYSTER, VOELKER & ALLEN, their

attorneys, and for their Memorandum in Support of their Motion to Dismiss, state as follows:

## I.　　INTRODUCTION

Plaintiff has acted as if the above-named Defendants were parties to the Third Amended

Complaint ("TAC"). Clayton Goodwin, Jessica Burgener, Howard Wilson, and Dan Walsh are neither

presently party-Defendants, nor can they be in the future.

First: These Defendants were not properly served under Rule 4 and thus are not subject to this Court's jurisdiction. None of these Defendants were timely served under Rule 4(m), and no proof of service has yet been provided to the Defendants or filed with this Court.  Walsh remains unserved for the Third Amended Complaint. Additionally, Goodwin was not served in a manner recognized by the Federal Rules: service was left on his back porch, without any individual personally receiving the service.

Second: the claims against Wilson, Burgener, and Goodwin are time-barred, and do not relate back. To start, Wilson and Burgener have never been parties to this litigation, and therefore are straightforwardly time-barred. For their part, Goodwin and Walsh were parties in Plaintiff's original and First Amended Complaint, but were dismissed and *not* reincorporated into the Second Amended Complaint. Once the Second Amended Complaint was filed without Goodwin or Walsh as parties, the then-expired Statute of Limitations became binding on them, making them time-barred for the Third Amended Complaint.

Furthermore, Plaintiff cannot use the "relation back" doctrine of FRCP 15 to avoid the Statute of Limitations. "Relation back" is improper when a Plaintiff consciously chooses not to include a defendant in a preceding timely complaint. Plaintiff shows that she was fully aware of who Wilson, Burgener, Goodwin, and Walsh were—after all, she had factual allegations relating to Wilson and Burgener's alleged conduct in her original Complaint, and actually *did* pursue a claim against Goodwin and Walsh specifically in the same. Thus, the absence of these Defendants from previous Complaints was a choice, and "relation back" is improper here.

Plaintiff cannot assert time-barred claims against improperly-served parties. Dismissal from this suit is justified.

## II.    RELEVANT PROCEDURAL HISTORY

1.    The incident giving rise to this litigation occurred on December 1, 2015. (ECF #64, at ¶56).

2.    On December 1, 2016, Plaintiff filed her Original Complaint. (ECF #1).

3.    The Original Complaint listed Sheriff Dan Walsh and Officer Clayton Goodwin (among others) as Defendants and asserted claims against them. (ECF #1).

4.    Goodwin and Walsh were properly served with and waived summons for the Original Complaint under Rule 4. (ECF #5–7).

5.    The Original Complaint did not assert a claim against Officers Howard Wilson or Jessica Burgener. (ECF #1).

6.    On February 17, 2017, Plaintiff filed her First Amendment Complaint ("FAC"). (ECF #19).

7.    The FAC listed as Defendants and asserted claims against, *inter alia*, Sheriff Dan Walsh and Officer Clayton Goodwin. (ECF #19).

8.    The FAC did not assert a claim against Officers Howard Wilson or Jessica Burgener. (ECF #19).

9.    On December 1, 2017, the Statute of Limitations for any personal-injury federal claims against these defendants expired. *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001) (noting Illinois' 2-year limitation period applies to § 1983 actions).

10.     On December 21, 2017, Plaintiff filed her Second Amended Complaint ("SAC"). (ECF #36).

11.     The SAC did not assert any claim against Goodwin, Walsh, Burgener, or Wilson. (ECF #36).

12.     Six months later, on May 31, 2018, the Plaintiff filed her Third Amended Complaint ("TAC"). (ECF #59).

13.     The TAC adds Goodwin, Burgener, and Wilson as new parties, and also lists Walsh under the "parties" portion of the allegations. (ECF #59).

14.     The TAC asserts state-law Wrongful Death counts against Goodwin, Burgener, and Wilson. There is no count against Walsh. (ECF #59, Counts V–VI).

15.     Under Rule 4(m), Plaintiff had until August 28, 2018 to serve any new parties to the Third Amended Complaint.

16.     Goodwin, Burgener, Wilson, and Walsh were not served by August 28, 2018.

17.     Walsh remains unserved.

18.     Goodwin was "served" at some time between September 17 and September 19, when Goodwin found a packet including service on his back porch. No proof of service was filled out or otherwise filed with this court. (Ex. A, Dec. of Goodwin).

19.     Wilson was "served" on September 21, 2018. No proof of summons was filled out or otherwise filed with the Court. (Ex. B., Dec. of Schleinz).

20.     Burgener was "served" on October 3, 2018. No proof of summons was filled out or otherwise provided with the Court. (Ex. B).

4

### III.   ARGUMENT

Plaintiff failed to serve these Defendants within the time period called for, with the proof required by, or (in the case of Goodwin) in a manner permitted by Rule 4. This Court should therefore exercise its discretion and dismiss them from this case. FRCP 12(b)(2),(5).

Additionally, the Statute of Limitations has expired and become binding as to these Defendants, and Plaintiff cannot try to avoid the Statute through Rule 15(c)'s "relation back" doctrine.

**A. This Court lacks jurisdiction over Goodwin, Wilson, Burgener, and Walsh because they were never properly served with summons. FRCP 12(b)(2),(5).**

As discussed below, Plaintiff's failed to establish jurisdiction over Wilson, Burgener, Goodwin, and Walsh because none were properly served under Rule 4. *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) ("Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction.").

### *1.   Rules*

i.   Rule 4(m)

A defendant can enforce Rule 4(m)'s requirements through a pretrial motion to dismiss. FRCP 12(b)(5). The plaintiff must show service was effective. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "Actual" knowledge of the lawsuit does not cure improper service. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).  If the plaintiff fails to prove service or show good cause for this failure, the Court may dismiss the action without prejudice. FRCP 4(m).

A plaintiff must serve a defendant with summons, and service must be completed within 90 days of filing the complaint. FRCP 4(m); *Cardenas*, 646 F.3d at 1005.  For new parties that are added to a subsequent complaint but were not parties to the preceding complaint, the 90-day period runs as to them whenever they are added. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. Apr. 25, 2018). Even if a defendant is served beyond the 90-day period, they can still seek dismissal because they were not served until after the period called for by Rule 4(m). *Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988).

ii.    <u>Rule 4(e), (l)</u>

An individual defendant can only be served personally, or by proxy through co-habitant or an approved agent. FRCP 4(e)(2). Federal rules also permit service consistent with the District Court's forum state. FRCP 4(e)(1). In relevant part, Illinois allows an individual to be served personally or through a co-habitant, but the latter only so long as the server *also* mails a copy of the summons and complaint to the defendant's usual place of abode. 735 ILCS 5/2-203(a)(1)–(2).

So long as service is not waived, proof of summons must be filed with the court. FRCP 4(l).

### 2.  *Rule 4(m) was not complied with*

In this case, Wilson, Burgener, Goodwin and Walsh were all new parties to Plaintiff's Third Amended Complaint, and needed to be served. They were not.  Thus, dismissal is warranted.

i.    <u>Wilson and Burgener</u>

Wilson and Burgener were never a party to any of Plaintiff's previous complaints. Thus, when Plaintiff filed her Third Amended Complaint on May 31, 2018, she had until August 28, 2018 (90 days later) to serve Wilson and Burgener with summons. She did not. There is also no apparent

basis for Plaintiff's failure to serve Wilson or Burgener. Therefore, Rule 4(m) was not complied with.

ii.    <u>Goodwin and Walsh</u>

For their part, Goodwin and Walsh *also* had to be served with summons for the Third Amended Complaint because they are a "new party" to the TAC.  As previously noted, Goodwin and Walsh were included and served summons in Plaintiff's timely-filed Original Complaint and her First Amended Complaint. (ECF #1, 19). However, the counts against Goodwin and Walsh in the First Amended Complaint were dismissed by this Court, (ECF #35, at p.29) and, crucially, Plaintiff did not include either *at all* in her Second Amended Complaint. (ECF #36). This Court's jurisdiction over Goodwin and Walsh thus lapsed alongside this Court's leave to file the Second Amended Complaint. *See, e.g.*, *Carver v. Condi*, 1997 U.S. Dist. LEXIS 8310, *5–6 (N.D. Ill. 1997) (finding that a County who was dismissed from a previous version of plaintiff's complaint was not a "party" when the subsequent complaint did not name the County as a party, list any counts against the County, and the County did not assert itself in the case until 30 months after the County was dismissed). Because Goodwin and Walsh were no longer parties in this litigation, if Plaintiff wanted to try and pursue a cause of action against either of them now in the TAC, Plaintiff must formally add them back as named parties and re-serve them.

The fact Goodwin and Walsh waived service of summons under the Original Complaint is immaterial. Not only does this Court's lapse of personal jurisdiction over both permit them to re-challenge; not only does a waiver specifically permit challenges to service and jurisdiction, FRCP 4(d)(4)–(5); but the simple fact Plaintiff's Third Amended Complaint is a *new complaint* with *new factual allegations* permits Goodwin and Walsh to challenge personal jurisdiction and service.

7

After all, an amended complaint in and of itself "wipe[s] clean the parties' procedural position," permitting new challenges to waivable defenses. *See, e.g., MG Design Assocs., Corp. v. CoStart Realty Info., Inc.,* 267 F.Supp.3d 1000, 1012 (N.D. Ill. 2017) (finding that amended complaints "wiped clean the parties' procedural positions" and permitted new challenges to personal jurisdiction after same were denied under previous complaint with fewer factual allegations).

For any new party to the Third Amended Complaint, Rule 4(m) service was required by August 28, 2018. Plaintiff also failed to serve Goodwin and Walsh in time. Again, there is no apparent explanation for Plaintiff's failure to timely serve Goodwin or Walsh. Therefore, Plaintiff failed to comply with Rule 4(m), and Goodwin and Walsh should be dismissed.

### 3. The service attempted on Goodwin, Wilson, and Burgener was insufficient under Rules 4(e) and 4(l). FRCP 12(b)(2),(5).

The service of process for Goodwin was deficient, and proof of service has not been filed for any of these three Defendants.

First: Goodwin was "served" by leaving a copy of the summons on his back porch with no copy being physically handed to anybody who resided there. (Ex. A, at ¶¶ 2, 4). Among the permissible methods of service discussed in Part III.A(1)(ii), *supra*, there was no "leave a copy on defendant's porch" service. Thus, Goodwin's service of process was insufficient, and dismissal is warranted. FRCP 12(b)(5).

Second: Wilson, Burgener, and Goodwin were both "served" without receiving any proof of summons. Such summons has also not been filed with this Court, even though required by Rule 4(l)(1), as none of these Defendants waived service for the TAC. Plaintiff is permitted to amend her proof, but has so far failed to do so. FRCP 4(l)(3). Dismissal is thus warranted under Rule 12(b)(2) and (5), as this deficient service results in a lack of personal jurisdiction.

**B. In addition to lacking personal jurisdiction, this Court *cannot* properly exercise jurisdiction over these Defendants because the Statute of Limitations has expired and the Third Amended Complaint does not "relate back". FRCP 12(b)(6).**

### 1. *The Statute of Limitations has expired*

i. <u>**Standard and Rules**</u>

a. *Rules 12(b)(6)*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. An expired Statute of Limitations warrants dismissal under Rule 12(b)(6) when a plaintiff's complaint shows the Statute expired and no state-law tolling provisions apply. *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011) (dismissing under Rule 12(b)(6) an administrator's §1983 action as untimely under Illinois' 2-year statute of limitations).

b. *Illinois Statute of Limitations*

For state-law and § 1983 claims in federal court, the forum state's Statute of Limitations applies. *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011). Illinois' personal-injury statute of limitation commences from when the cause of action "accrued." *Giles v. Park*, 2018 IL App (1st) 163152, at ¶11. "Accrual" is decided by federal law, and occurs when the Plaintiff "knew of should have known" when the action occurred. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). This cause of action accrued from Plaintiff's decedent's death, a traumatic injury, and her family's notification thereof on December 1, 2015. (ECF #59, at ¶¶29, 56). Therefore, any Statute would begin running from this date.

Illinois law provides a 1-year limitations period for municipalities and their employees for state tort claims. 745 ILCS 10/8-101(a). Because the Defendants are all municipal actors acting within the scope of their employment, (ECF #64, at ¶¶ 6–9), they may avail themselves of this one-

year limitations period. *See, e.g.*, *Long v. Williams*, 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001) (applying 1-year limitations period to state-law claims in § 1983 action). For personal injury §1983 claims, Illinois' 2-year personal injury limitations period applies. *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001).

Since accrual occurred December 1, 2015, state-law claims must have been brought before December 1, 2016, and federal claims must have been brought before December 1, 2017.

**ii.**    **The Statute of Limitations has Expired for Wilson, Burgener, Goodwin, and Walsh**

a.    *Wilson and Burgener*

Wilson and Burgener are untimely defendants. The TAC asserts only state-law Wrongful Death claims against these Defendants. As already discussed *supra* Part III.A(1)(ii), state-law claims against them had to be brought by December 1, 2016. Wilson and Burgener were not added to this litigation until May 31, 2018. Therefore, absent any tolling, the claims against them are untimely.

b.    *Goodwin and Walsh*

Goodwin and Walsh are also untimely defendants. Like Wilson and Burgener, the TAC only asserts a state-law Wrongful Death claim against Goodwin. (As previously noted, the TAC asserts no claim against Walsh). As already discussed *supra* Part III.B(1)(i)(b), state-law claims against Goodwin had to be brought by December 1, 2016. On that very day, Plaintiff filed her Original Complaint, listing Goodwin as a defendant. (ECF #1). However, Goodwin and Walsh were subsequently dismissed from Plaintiff's First Amended Complaint, (ECF #35, at p.29), and were not named as parties in Plaintiff's subsequent Second Amended Complaint. (ECF #36). Therefore, Plaintiff's leave to refile against Goodwin and Walsh expired on December 21, 2017, when she

filed her Second Amended Complaint. Goodwin and Walsh ceased to be a party to this litigation and subject to this Court at that time. *See, e.g.*, *Carver v. Condi*, 1997 U.S. Dist. LEXIS 8310, *5–6 (N.D. Ill. 1997) (finding that a County who was dismissed from a previous version of plaintiff's complaint was not a "party" when the subsequent complaint did not name the County as a party, list any counts against the County, and the County did not assert itself in the case until 30 months after the County was dismissed).

Because he was no longer a party, the expired statute of limitations became binding for Goodwin and Walsh. *See Richter v. Prairie Farms Diary, Inc.*, 2016 IL 119518, at ¶¶41–48 (Statute treated as if it continued to run despite pending litigation). As a result, the Third Amended Complaint – filed after the limitations period had expired – was untimely against Goodwin and Walsh.

### iii.    There is no basis for tolling the Statute of Limitations under applicable Illinois law

As previously noted, Illinois' tolling provisions apply in federal diversity actions. *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011). If Plaintiff's Third Amended Complaint shows that tolling is not warranted, Defendants are entitled to dismissal under Rule 12(b)(6). *Id.*

Given the facts of this case (e.g., it does not concern a debt), there are three relevant tolling provisions: a stay of action (735 ILCS 5/13-216), fraudulent concealment (735 ILCS 5/13-215), and equitable tolling. *See Ray*, 662 F.3d at 773–74 (discussing how an estate administrator cannot toll a limitations period by citing disabilities of other individuals); *see also Giles v. Park*, 2018 IL App (1st) 163152, at ¶¶ 15–17, 20 (same). The first two can be quickly dispatched. First, the procedural history of this case shows there was no "stay of action" that delayed the commencement of this suit. Second, there was no "fraudulent concealment" of the cause of action by the Defendants:

11

Plaintiff's Third Amended Complaint alleges that decedent's family was notified of her death the very night she died, December 1, 2015. (ECF #59, at ¶57).

Finally, Illinois' doctrine of "equitable tolling" is also not satisfied here. *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001) (applying Illinois equitable tolling doctrine absent conflicting federal law). Equitable tolling is appropriate if (1) the defendant actively mislead the plaintiff, (2) the plaintiff was prevented from asserting his or her rights in some extraordinary way, or (3) if plaintiff mistakenly asserted her rights in the wrong forum. *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). First, Plaintiff was not misled about her legal action: decedent's family learned of her death on the very night it happened, and originally filed suit within the statutory period. (ECF #59, at ¶57); (ECF #1). Second, the fact Plaintiff filed suit in a timely fashion shows she was not prevented from asserting her rights in *any* way, let alone an *extra*ordinary fashion. Finally, Plaintiff has not mistakenly asserted her rights in the wrong forum: the subject incident allegedly occurred within the Central District of Illinois. *E.g.,* (ECF #59, at ¶¶ 15, 55–56).

There is thus no basis for tolling the relevant Statute of Limitations against these Defendants. Consequently, Wilson, Burgener, Goodwin, and Walsh are time-barred from Plaintiff's Third Amended Complaint.

### 2. Plaintiff's Third Amended Complaint does not "relate back", and therefore dismissal is warranted for these Defendants. FRCP 12(b)(6).

Plaintiff's claims against these Defendants cannot be saved by the "relation back" doctrine in Rule 15(c), because Plaintiff consciously decided not to include them in her preceding Complaint.

i.      **Rules: Relation Back and "Mistake of Identity"**

Federal Rule 15(c) allows for the addition of new parties after a limitations period has expired, but only if four requirements are met:

1.  The amended complaint asserts a claim that arose from the same conduct, transaction, or occurrence set out in the original pleading. FRCP 15(c)(1)(C), referencing FRCP 15(c)(1)(B).

2.  The new party knew or should have known that the plaintiff *would* have added them if not for a mistake. FRCP 15(c)(1)(C)(ii).

3.   The plaintiff's delay in discovering his or her mistake did not impair the new party's ability to defend him- or herself. FRCP 15(c)(1)(C)(i); *Joseph v. Elan Motorsports Techs. Racing Co.*, 638 F.3d 555, 559–60 (7th Cir. 2011).

4.   All of these requirements are satisfied within the 90-day period for service of summons. FRCP 15(c)(1)(C) (referencing FRCP 4(m)).

Although Plaintiff has fallen short on all of these criteria, a discussion of one, the "mistake of identity", is sufficient.

Rule 15(c) only permits relation back when the added party "knew or should have known that the plaintiff would have been brought against them, but for a mistake concerning the proper party's identity." FRCP 15(c)(1)(C)(ii). To satisfy this prong, the plaintiff must show both that a "mistake of identity" was made, *and* that the new defendant had notice of this mistake. *King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Failure to show both will defeat an attempt to "relate back". *Id.*

"Mistake of identity" includes (1) mislabeling a defendant, such as mistakenly suing the wrong subsidiary due to a confusing corporate structure; or (2) suing the wrong *type* of defendant, such as suing an institutional defendant when an individual is the proper party. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010) (corporations); *Boyd v. Hein,* 2015 U.S. Dist. LEXIS 70234,

at *28 (N.D. Ill. 2015) (citing cases) (institutional vs. individual defendant). What a mistake definitively is *not*, however, is an affirmative choice to forgo a given defendant:

> When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identify, the requirements of Rule 15(c)(1)(C)(ii) are not met.

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010).

Furthermore, ignorance of a defendant's name is not a "mistake" for Rule 15(c). *Clark v. Porter*, 2016 U.S. Dist. LEXIS 100761 (N.D. Ill. 2016), at *8 (citing *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008)). After a statutory period has ended a plaintiff cannot name individuals that were unidentified at the time of the original pleading. *Id.* Thus, opting to not include a defendant is a choice with consequences.

### ii. Plaintiff clearly did not make a "mistake of identity" when she failed to include Wilson, Burgener, Goodwin, or Walsh.

#### a. *Wilson and Burgener*

To start, Wilson and Burgener were *never* a party in *any* of Plaintiff's previous three complaints, let alone the timely Original Complaint. They are thus new parties that were unidentified at the time of the timely-filed Complaint, and cannot be added now. *Clark v. Porter*, 2016 U.S. Dist. LEXIS 100761 (N.D. Ill. 2016), at *8; *see also Turner v. M.B. Fin. Bank*, 2017 U.S. Dist. LEXIS 163352, at 9–11 (N.D. Ill. 2017) (dismissing Illinois state claims and § 1983 claims against defendants not added until untimely Third Amended Complaint). Plaintiff's omission of Wilson and Burgener from previous complaints evinces either a deliberate choice by Plaintiff to not include them, or (at best) ignorance as to their identity. Either basis is insufficient for relation back.

*Clark*, 2016 U.S. Dist. LEXIS 100761 at *8. Thus, Plaintiff's Third Amended Complaint is untimely *re* Wilson and Burgener.

      *b.*  *Goodwin and Walsh*

    Plaintiff also did not make a "mistake of identity" when removing Goodwin and Walsh from this litigation in her Second Amended Complaint. As previously noted, Goodwin and Walsh were included in Plaintiff's timely-filed Original Complaint and her First Amended Complaint. (ECF #1, 19). However, the counts against Goodwin and Walsh in the First Amended Complaint were dismissed by this Court, (ECF #35, at p.29) and, crucially, Plaintiff did not include either Goodwin or Walsh *at all* in her Second Amended Complaint. (ECF #36). Indeed, Plaintiff removed both, entirely, from both the case caption and the counts for her Second Amended Complaint. Plaintiff is the sole person responsible for what was added or deleted from the Second Amended Complaint. It would be incredible to attribute the removal of Goodwin and Walsh to a "mistake of identity" when Plaintiff identified both and their respective professional capacities in her previous complaints. Thus, Plaintiff's decision to remove Goodwin and Walsh from the Second Amended Complaint was just that – a decision. *Krupski*, *supra*.

      When a defendant is *consciously removed* from a lawsuit by the Plaintiff, only to be brought back as a new party for a subsequent Complaint, Rule 15(c) applies same as it would for all new parties. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010) (noting that conscious decisions to omit a party from a lawsuit is not a "mistake"). Of course, a party does not have to be "related back" *if* they remained present in the litigation from the timely complaint through all subsequent iterations. But that is not the path Plaintiff chose. Therefore, Plaintiff cannot attempt to "relate back" Goodwin, as he is a new party whose omission was not the result of a "mistake of

identity." Plaintiff fails to satisfy all of the criteria required by Rule 15(c), and her Third Amended

Complaint must be dismissed at to Goodwin.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Third Amended Complaint should be dismissed

against these Defendants.

Respectfully submitted,

CLAYTON GOODWIN, JESSICA BURGENER,
HOWARD WILSON, and DAN WALSH,
Defendants

s/ Keith E. Fruehling
Keith E. Fruehling, ARDC #6216098
Heyl, Royster, Voelker & Allen
301 N. Neil St., Suite 505
P.O. Box 1190
Champaign, IL 61824-1190
217-344-0060 Phone
217-344-9295 Fax
E-mail:  kfruehlng@heylroyster.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2018, I electronically filed the foregoing MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO DISMISS CLAYTON GOODWIN, JESSICA BURGENER, HOWARD WILSON, AND DAN WALSH FROM PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(2),(5) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Shayla Maatuka
Dodd & Maatuka
303 S. Mattis, Suite 201
Champaign, IL 61821
Email: shayla@madelaw.net

Mr. Robert P. Vogt
Mr. Seth LaPidus
Vogt & O'Kane
20 S. Clark St., Suite 1050
Chicago, IL 60603
Email: bvogt@vogtokane.com
Email: slapidus@vogtokane.com

I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None

s/ Keith E. Fruehling
Heyl, Royster, Voelker & Allen

35194834_2

17