UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JACQUELINE JONES, INDEPENDENT ADMINISTRATOR of the ESTATE of TOYA D. FRAZIER, DECEDENT | ) ) ) ) ) | |
| Plaintiff, | ) | No. 16-2364 |
| vs. | ) ) | |
| SERGEANT ARNOLD MATHEWS; OFFICER CLAYTON GOODWIN; OFFICER JESSICA BURGENER; OFFICER HOWARD WILSON; CHAMPAIGN COUNTY, ILLINOIS; CECILE KEMP, LPN; BETH NOVAK, RN; and CORRECT CARE SOLUTIONS, LLC; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAYTON GOODWIN, JESSICA BURGENER, HOWARD WILSON AND DAN WALSH FROM PLAINTIFF'S THIRD AMENEDED COMPLAINT**

NOW COMES Plaintiff, Jacqueline Jones, by and through her attorneys, DODD & MAATUKA, and for her Response to Defendants' Motion to Dismiss Clayton Goodwin, Jessica Burgener, Howard Wilson and Dan Walsh from Plaintiff's Third Amended Complaint states as follows:

RELEVANT PROCEDURAL HISTORY

1. The incident giving rise to this litigation occurred on December 1, 2015. (ECF #64, at ¶56).

2. On December 1, 2016, Plaintiff filed her Original Complaint. (ECF #1).

3. The Original Complaint listed Sheriff Dan Walsh, Clayton Goodwin, Arnold Mathews, Jail Supervisor, and Champaign County Illinois (among others) as Defendants and

asserted claims against them. (ECF #1).

4.     Counsel for Walsh, Goodwin, Mathews, and Champaign County was contacted with the Complaint on December 2, 2016 and was asked if he would accept service on behalf of any or all of the Defendants.

5.     Counsel stated he would be representing all County Defendants including Walsh, Champaign County, Clayton Goodwin and Arnold Mathews and to send all future correspondence and pleadings in this matter to him.

6.     On February 17, 2017, Plaintiff filed her First Amendment Complaint ("FAC"). (ECF #19).

7.     The FAC listed as Defendants and asserted claims against, *inter alia*, Sheriff Dan Walsh and Officer Clayton Goodwin. (ECF #19).

8.     No additional service was required at that time.

10.    On December 21, 2017, Plaintiff filed her Second Amended Complaint ("SAC"). (ECF #36) removing Goodwin and Walsh.

11.    No additional service was required at that time.

12.    On May 31, 2018, the Plaintiff filed her Third Amended Complaint ("TAC"). (ECF #59).  Plaintiff assumed Defendant would accept service as to all Champaign County Defendants as he had done previously for Walsh, Champaign County, Clayton Goodwin and Arnold Mathews.

13.    The TAC adds Goodwin, Burgener, and Wilson as new parties, and also lists Walsh under the "parties" portion of the allegations. (ECF #59).

14.    The inclusion of Walsh under the "parties" potion of the allegations is an error.

15.    The TAC asserts state-law Wrongful Death counts against Goodwin, Burgener, and Wilson. There is no count against Walsh. (ECF #59, Counts V–VI).

16.    On September 7, 2018, Plaintiff contacted counsel for Defendants Arnold

Mathews and Champaign County to ask if he would accept service for Wilson, Burgener, and Goodwin as he had done for the previously filed Complaint.

17. On Friday, September 7, 2018, Counsel for Defendants stated he would not accept service and that all four would have to be served.

18. On Monday, September 10, 2018, Plaintiff requested Summons be issued for Wilson, Burgener, Goodwin and Champaign County.

19. On September 11, 2018, Plaintiff received the issued Summons and sent them to a private server for service.

20. Plaintiff has since filed the Affidavit of Process Server for service on Clayton Goodwin, Howard Wilson, Champaign County and Jessica Burgener.

21. Goodwin, contrary to his Affidavit, was served on September 17, 2018 when he answered the door to his home identified himself to the process server and then closed the door on the process server as they attempted to hand the Summons and Complaint to him (ECF #86).

22. Wilson was served on September 21, 2018 (ECF #87).

23. Attached as Exhibit 1, is an Affidavit from the process server regarding his attempts to serve Officer Burgener.

24. Due to the refusal of staff to accept service on behalf of Officer Burgener or provide information to the process server as to when Officer Burgener would be working, Plaintiff gave the Summons, the Third Amended Complaint and a check for $41 to the Champaign County Sheriff Dan Walsh's office on October 3, 2018 in order for the former Defendant Sheriff Dan Walsh to serve his employee.  See attached Exhibit 2.

25. An employee Champaign County Sheriff Dan Walsh served Jessica Burgener on

October 8, 2018 (ECF 90).

26. Three days later on October 11, 2018, Champaign County Defendants filed a Motion and supporting Memorandum to Dismiss Goodwin, Burgener, Wilson and Walsh.

27. Plaintiff received the statement of personal service from the Champaign County Sheriff Dan Walsh's office on October 17, 2018 and filed it the same day. (ECF 90).

### GOOD CAUSE TO EXTEND THE TIME FOR SERVICE EXISTS

A court may retroactively grant such an extension after the 120–day period has expired. *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003). "District courts have broad discretion to extend time for service under Rule 4(m)." *Id.*

During the summer of 2018, Plaintiff was answering discovery requests of Medical Defendants, drafting discovery requests to Medical Defendants and Champaign Defendants, reviewing medical records disclosed by the Court, answering discovery requests of the Champaign Defendants, and securing an expert and the required documents for Plaintiff's expert witness disclosure.

Plaintiff had until August 28, 2018 to serve Defendants Wilson, Goodwin, and Burgener and assumed Champaign County Defendants' attorney would accept service has he had done in all pending cases on behalf of the County. The Plaintiff's attorney reached out to the Defendants' attorney (who had previously accepted service of the first Complaint for Goodwin) on September 7, 2018. While Plaintiff missed the deadline the delay was not excessive. Plaintiff has not neglected this case and has been actively litigating this matter.

### PLAINTIFF HAS ALREADY CORRECTED SERVICE AND THE SERVICE ATTEMPTED ON GOODWIN, WILSON, AND BURGENER WAS SUFFICIENT UNDER RULES 4(E) AND 4(L)

Affidavits of Service were filed with the Court on the dates listed above. Federal Rules require that proof of service must be made to the Court, FRCP 4(l)(1) not the person being served at the time of service. Affidavits of service are filed with the Court as they were in this

case on the dates above.  Pursuant to FRCP 4(l)(3) failure to provide service does not affect the validity of service.

> Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had." Ill. S. Ct. R. 102(a) (eff. Jul. 1, 1971).
>
> Suburban Bank & Tr. Co. v. Gilmart Quality Food & Liquors, Inc., 2017 IL App (1st) 160875-U, ¶ 33, appeal denied, 89 N.E.3d 764 (Ill. 2017)

Officer Clayton Goodwin was served according to the filed Affidavit of Service (ECF #86).  Officer Goodwin cannot claim he was unaware of service when he spoke with the process server, identified himself and then tried to deny service.

> "In Illinois, the affidavit of service is *prima facie* evidence that process was properly served. [Citation.] To attack the underlying default judgment on the grounds that the court never obtained personal jurisdiction over the defendant, evidence must be presented to impeach the affidavit of service. [Citation.] An uncorroborated defendant's affidavit merely stating that he had not been personally served with summons is insufficient to overcome the presumption favoring the affidavit of service. [Citations.] The default judgment will not be set aside unless the return of service is impeached by clear and convincing evidence." *Paul v. Ware,* 258 Ill. App. 3d 614, 617–18 (1994).[4]
>
> Suburban Bank & Tr. Co. v. Gilmart Quality Food & Liquors, Inc., 2017 IL App (1st) 160875-U, ¶ 36, appeal denied, 89 N.E.3d 764 (Ill. 2017)

Further, the inaccuracy of Officer Goodwin's Affidavit, as well as the roadblocks put up by Officer Burgener and her coworkers that kept Officer Burgener from being served shows that Defendants were actively trying to evade service.

## STATUTE OF LIMITATIONS: RELATION BACK DOCTRINE

Plaintiff removed Goodwin, as a defendant in her Second Amended Complaint and then added Officer Goodwin back in on the Third Amended Complaint after the Defendant provided a copy of Goodwin's interview with the State Police in his discovery answers and after the video surveillance video of the incident was provided and reviewed.

Federal Rule 15(c) allows for the addition of new parties after a limitations period has expired, an amendment of pleadings relates back to the date of the original pleading when four requirements are met:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendants knew or should have known that action would have been brought against them. Defendants Goodwin, Burgener and Wilson were all interviewed during the investigation of Toya Frazier's death, were aware of their interactions with the decedent on the day of her death, their supervisors and coworkers are parties in this litigation and in the case of Defendant Goodwin was a named Defendant at the start of litigation. Additionally all of the Champaign County Defendants are represented by the same attorney and have been since their attorney first accepted service of the initial Complaint in this matter.

> The Third Circuit has recognized two methods of imputing notice to an individual defendant. First, notice may be imputed by the "shared attorney" method—whereby the individual, previously unnamed defendant received timely notice because of sharing an attorney with an originally named defendant. For this to be valid, there must be representation by *669 the shared counsel within the 120–day period.

>Garvin, 354 F.3d at 223. In other words, the test "is not whether [the] new defendant[ ] will be represented by the same attorney, but rather whether the new defendant[ ] [is ] being represented by the same attorney." Id. (citation omitted) (emphasis in original). Second, notice may be imputed by the "identity of interest" method—whereby the individual defendant received timely notice because he had an identity of interest with an originally named defendant. Brown v. City of Phila., No. 09–5157, 2010 WL 1956245, at *4, 2010 U.S. Dist. LEXIS 44780, at *11–12 (E.D.Pa. May 7, 2010) (citing Singletary, 266 F.3d at 196).

>Ferencz v. Medlock, 905 F. Supp. 2d 656, 668–69 (W.D. Pa. 2012)

All Champaign County Defendants in this matter have shared the same attorney since the onset of the case, even prior to adding the individual Defendants their interests have been protected by counsel.

>Whether constructive notice to added or changed defendant, as required for relation back of amended complaint to original complaint for timeliness purposes, can be achieved via "shared attorney" method depends on whether notice of institution of action can be imputed to defendant sought to be named within relevant 120-day period by virtue of representation added defendant shared with defendant originally named in lawsuit. Smith v. City of Philadelphia, E.D.Pa.2005, 363 F.Supp.2d 795.

Similarly in Browning v. Safmarine, the vessel owner had timely notice of the action, and thus would not be prejudiced in defending on the merits, as required for substitution of vessel owner as defendant in longshoreman's personal injury action, on basis of its relation back to filing of original complaint under shared attorney method of imputing notice of filing of original complaint, where, within 120 days of institution of the action, same law firm represented vessel owner and purported vessel owner that had been mistakenly named as original defendant, and the law firm had knowledge of the filing of the lawsuit within 120 days after it was filed. Browning v. Safmarine, Inc., D.N.J.2012, 287 F.R.D. 288.

In the current matter, Defendant Goodwin's attorney had accepted service so there is no surprise that he was renamed and there is certainly no prejudice to him.  Goodwin also shared an attorney with all the Champaign County Defendants and therefore notice may be imputed by the

identity of interest method.

Defendants Burgener and Wilson were not previously named or served but there is also no prejudice to them because they are well aware of the investigation that commenced after Toya Frazier's death and knew or should have known that their involvement might subject them to the pending lawsuit. They are also represented by the same attorney as the rest of the Champaign County Defendants and therefore notice may be imputed by the identity of interest method.

There is no prejudice to any of the Champaign County Defendants as all of their interests are thoroughly represented by their shared well abled counsel.

## CONCLUSION

Therefore the Plaintiff requests that the Champaign County Defendants' Motion be denied and that Defendants Goodwin, Wilson, and Burgener be ordered to answer discovery in this matter.

        Respectfully submitted,
        JACQUELINE JONES,
        INDEPENDENT ADMINISTRAOR
        of the ESTATE of TOYA D.
        FRAZIER, DECEASED,
        Plaintiff

BY:   s/Shayla Maatuka_____
       Shayla MAATUKA

Shayla Maatuka, ARDC No. 6283428
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL  61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2018, I electronically filed PLAINTIFF'S RESPONSE TO CHAMPAIGN COUNTY DEFENDANTS' MOTION TO DISMISS CLAYTON GOODWIN, JESSICA BURGENER, HOWARD WILSON, AND DAN WALSH FROM PLAILNTIFF'S THIRD AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Keith Eric Freuhling
Mr. Brian Michael Smith
Heyl, Royster, Voekler & Allen
301 N. Neil St, Suite 505
P. O. Box 1190
Champaign, IL 61824
kfreuhling@heylroyster.com
bsmith@heylroyster.com
urbecf@heylroyster.com

Mr. Seth A. LaPidus
Mr. Robert P. Vogt
Weldon-Linne & Vogt
20 S. Clark St, Suite 2050
Chicago, IL 60603
slapidus@vogtokane.com
bvogt@wlv-online.com
klemaster@vogtokane.com
rbates@vogtokane.com

                                                s/Shayla Maatuka_____
                                                Shayla MAATUKA

Shayla Maatuka, ARDC No. 6283428
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL  61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net